**UNITED STATES of America, Appellee,**

v.

**Joseph IACOPELLI, Appellant.**

**No. 1042, Docket 73–1128.**

United States Court of Appeals,
Second Circuit.

Submitted July 16, 1973.

Decided Aug. 8, 1973.

John C. Dillon, Lynbrook, N. Y., for appellant.

Paul D. Lazarus, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty. E. D. N. Y., and L. Kevin Sheridan, Asst. U. S. Atty.), for appellee.

Before MOORE and OAKES, Circuit Judges, and GURFEIN,* District Judge.

PER CURIAM:

This appeal is from a conviction under 21 U.S.C. § 843(a)(3), making it unlawful for any person knowingly or intentionally to obtain possession of a "controlled substance"—here sodium secobarbital—by misrepresentation or deception. It raises only two questions. The first is whether the defendant obtained any quantity of sodium secobarbital from the American Quinine Co. as charged in the indictment, and the second is whether the Government proved that he obtained that quantity by furnishing the Company with altered copies of the Bureau of Narcotics and Dangerous Drugs (BNDD) Form No. 222–C, as charged. We find against the appellant on both issues and accordingly affirm his conviction, which resulted in a term of imprisonment of one year and a day.

Appellant was a part-time pharmacist for and frequent visitor to Gateway Chemists, Ltd., in Patchogue, New York. By furnishing a prescription he obtained a BNDD Form No. 222–C from Milton Panzer, a licensed pharmacist and part owner of Gateway, for "12 x 100," that is, 12 bottles of 100 capsules, of sodium secobarbital. Appellant told Panzer that the drug was for an elderly aunt who had been given a prescription for that amount.

A person identifying himself as Mr. Panzer had earlier telephoned Nat-Con Chemical Co., the parent company of American Quinine located at the same address. The purported Mr. Panzer had ordered ten bottles of *1,000* capsules of this particular "controlled substance" and had been informed by the Nat-Con sales administrator, Miss Whelan, that she would need the BNDD number. The caller subsequently supplied this information by phone to Miss Whelan and increased the order by two bottles, so that

* Of the Southern District of New York, sitting by designation.

the sales order filled out by the sales administrator was altered to read "12 x 1000" instead of the original "10 x 1000." The Government proved that in response to the order the traffic manager for the American Quinine Co., Wilson Alonso, removed a sealed box bearing a label with the words "secobarbital, sodium, USP," with a control number and the figures "12 x 1000" stamped on the box. Mr. Alonso then marked the warehouse record book accordingly.

Later the same morning appellant arrived at the traffic manager's office to pick, up the box, signed the sales order falsely "M. Panzer" and paid almost $90 for the capsules. He was given the sealed box by Alonso and then handed the BNDD form to the traffic manager who put it aside without looking at it.

Subsequently appellant gave the real Mr. Panzer one bottle containing 1000 capsules of sodium secobarbital with the same control number as on the sealed box and told Panzer that he had saved out two bottles of 100 each for his aunt. A day or so later, however, Pharmacist Panzer checked the doctor in regard to the prescription which appellant had given him for his "aunt" and found the doctor to be a pediatrician who was apparently sticking to his specialty. Panzer then requested the return of the 200 capsules obtained for the "aunt." These were brought by appellant in a plastic bag secured by a tie and, at appellant's request, Panzer gave him back the prescription.

A few days later appellant, still masquerading as "Mr. Panzer," met the vice president in charge of sales for American Quinine, Mr. O'Grady. Mr. O'Grady sold appellant 5,000 placebos and gave him a tour of the plant and American Quinine's merchandise. On that same day the real Milton Panzer received an invoice from the American Quinine Co. reflecting the purchase six days before of the 12,000 secobarbital capsules. Appellant falsely claimed after being duly warned that he had delivered a sealed carton to Milton Panzer and denied any knowledge of 12,000 capsules, claiming he picked up only 1,200.

■ In the light of the foregoing evidence, appellant's claim that the Government did not prove that the sealed box actually contained 12,000 capsules of sodium secobarbital is totally frivolous. Circumstantial evidence to prove the nature and quantity of the drug in question was sufficient. United States v. Bentvena, 319 F.2d 916, 927 (2d Cir.), cert. denied sub nom. Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); United States v. Agueci, 310 F.2d 817, 828 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S. Ct. 1013, 10 L.Ed.2d 11 (1963). The jury could infer the amount of the capsules delivered from the circumstantial evidence that appellant was the one who made the two phone calls resulting in an order for 12,000 capsules. Further, the sales order itself, the controlled drug book in the warehouse and the final invoice all reflected a transaction for 12,000 capsules. The box itself referred to "12 x 1000" capsules. Beyond this, the traffic manager noticed no discrepancy in the weight of the sealed box he delivered to appellant originally, as he testified he would have had any bottles been missing.

■ Much of the same evidence establishes circumstantially that appellant knew he was picking up sodium secobarbital and not some other substance, and that sodium secobarbital was in fact in the box appellant picked up. The telephone caller ordered sodium secobarbital; the records of American Quinine Co. all reflected a sodium secobarbital transaction; the label on the box given appellant denoted the box as containing sodium secobarbital; and appellant gave the real Mr. Panzer a sealed bottle containing many capsules with the label denoting the contents as sodium secobarbital and bearing the same control number as the control number on the sealed box. No showing was made of any departure from American Quinine's normal course of operations in filling orders that might lead one to suspect sodium seco-

barbital was not in the carton appellant picked up. The Government "need not exclude every remote possibility of innocence before its case warrants submission to the jury." United States v. Agueci, *supra,* 310 F.2d at 830.

■ Similarly appellant's point that he obtained delivery of the sealed box from Mr. Alonso without being requested to furnish him with the BNDD form which he subsequently handed Alonso borders on the frivolous. The original order would never have been completed by Miss Whelan without the BNDD number being given to her as sales administrator of Nat-Con. While to be sure there is no direct proof that appellant was the person who placed the telephone orders for the merchandise, the circumstantial evidence that he was the caller was very strong indeed in view of the fact that he subsequently falsely masqueraded as Mr. Panzer and previously had lied to Mr. Panzer relative to his aunt's prescription. In addition to the telephone caller's having furnished the Nat-Con sales administrator with the BNDD number, there was evidence from the traffic manager that he delivered drugs by hand only when the front office had properly identified the caller. So far as the trial disclosed, the only document that appellant possessed which would identify him as "Mr. Panzer" was the BNDD form which he had obtained from the real Mr. Panzer. We think that while the inference is on the speculative side, it nevertheless is justifiable that at the front office appellant presented this document to identify himself and thereby get through to the shipping department and Mr. Alonso. This is not a case, then, where it is necessary to determine whether there was an amendment to the indictment, *see* Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), for the jury could find that employees of American Quinine did in fact rely to some extent on the altered BNDD form in selling the sodium secobarbital capsules to appellant as originally charged.

Judgment affirmed.