**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Darren Andrew BLANDIN, Defendant-Appellant.**

No. 84–1041.

United States Court of Appeals, Tenth Circuit.

March 3, 1986.

Allan A. Hazlett, Topeka, Kan., for defendant-appellant.

Richard Hathaway, Asst. U.S. Atty. (Benjamin L. Burgess, U.S. Atty., and Kurt J. Shernuk, Asst. U.S. Atty., on brief), Topeka, Kan., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and WEST, District Judge *

LEE R. WEST, District Judge.

Defendant was convicted after a jury trial of: (1) rape, [18 U.S.C. §§ 1151, 1153, and 2031]; (2) burglary, [18 U.S.C. §§ 1151 and 1153, and Kan.Stat.Ann. §§ 21–3716 and 21–4501]; (3) robbery, [18 U.S.C. §§ 1151, 1153, and 2111]; (4) theft, [18 U.S.C. §§ 1151, 1153, and 661]; and (5) sodomy, [18 U.S.C. §§ 1151, 7, and 13, and Kan.Stat.Ann. §§ 21–3506, as amended, and 21–4501]. All acts occurred on the Kickapoo Indian Reservation in Kansas. At the date of his conviction, defendant was eighteen years old and therefore eligible for sentencing under the Federal Youth Correction Act, 18 U.S.C. §§ 5005–5026. The district court made an express finding of "no benefit" and sentenced defendant under 18 U.S.C. § 5010(c). On appeal, defendant contends:

(1) the evidence is insufficient to sustain his conviction;

(2) the district court erred in giving its *Allen* instruction;

(3) the district court erred in admitting the government's exhibits; and

(4) the district court erred in sentencing defendant under 18 U.S.C. § 5010(c) because the court did not state supporting reasons for its express finding of "no benefit."

* The Honorable Lee R. West, United States District Judge for the Western District of Oklahoma, sitting by designation.

## I.

### *Sufficiency of the evidence*

█ In reviewing a criminal conviction, we examine the evidence in the light most favorable to the Government in order to determine whether the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom, is substantial enough to establish guilt beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Kendall*, 766 F.2d 1426 (10th Cir. 1985). All reasonable inferences and credibility choices must be made in support of the jury's verdict. *United States v. Massey*, 687 F.2d 1348 (10th Cir.1982).

The victim, V.M., was an acquaintance of defendant. At trial, V.M. positively identified defendant as the man who broke into her home, raped her, sodomized her, stole nine dollars and change from her purse, and then stole her car. V.M. further testified that during the assault: (a) she smelled beer on defendant's breath, (b) defendant asked V.M. if she liked "half breeds," and (c) defendant asked V.M. if her car had automatic or standard transmission. Finally, V.M. testified that defendant pulled panty hose around her neck so tight that she could neither swallow nor breathe and threatened V.M. and her children should she dare report the attack.

V.M. immediately reported the attack. V.M. was initially examined by a family physician. He described V.M. as emotionally traumatized. A pelvic examination revealed blood in V.M.'s vaginal canal. The family physician referred V.M. to a specialist in obstetrics and gynecology for further evaluation. The specialist noted small hemorrhages on V.M.'s skin from mid to upper neck in almost a straight line across her mid neck. A rectal examination revealed two tears of the lining of V.M.'s rectum extending from the outside inward.

Defendant was arrested not long after the attack, which occurred at 7:00 a.m., on August 28, 1983. Defendant admits he was drinking beer into the early morning hours of August 28, 1983. Defendant is a Sac and Fox tribe enrollee with ⁷⁄₁₆th Indian blood. Defendant's car, inoperable on the day of the attack, has a standard transmission. Defendant at first denied having seen V.M.'s car, then later admitted knowing where her car could be found. V.M.'s car was found in a soybean field approximately one-half mile from where defendant was arrested.

The dash of V.M.'s car had been torn apart and the car's eight-track tape/radio and stereo speakers were piled up on the front seat. The radio knobs were missing. Defendant admits trying to steal the eight-track tape/radio and speakers. At his booking, defendant was in possession of radio knobs and ten dollars and change. The large tennis shoes defendant was wearing at the time of his arrest are similar in size and pattern to shoeprints found at V.M.'s house and near her car. We hold the evidence is sufficient to sustain defendant's conviction.

## II.

### *The Allen instruction*

█ Defendant next contends the district court erred in giving its *Allen* instruction. *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). We have approved the *Allen* instruction as permissible in the Tenth Circuit, but urge caution in its use. *United States v. Brunetti*, 615 F.2d 899 (10th Cir.1980); *United States v. Dyba*, 554 F.2d 417 (10th Cir.), *cert. den.* 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89 (1977). If the *Allen* instruction is given at all, it should be incorporated into the body of the court's original instructions to the jury. It should not be given during the course of deliberations. *Munroe v. United States*, 424 F.2d 243 (10th Cir.1970); *United States v. Wynn*, 415 F.2d 135 (10th Cir.1969), *cert. den.* 397 U.S. 994, 90 S.Ct. 1133, 25 L.Ed.2d 402 (1970); *United States v. Winn*, 411 F.2d 415 (10th Cir.) *cert. den.* 396 U.S. 919, 90 S.Ct. 245, 24 L.Ed.2d 198 (1969). Caution should be used to ensure the *Allen* instruction is not coercive.

Here, the *Allen* instruction was given in the court's original instructions to the jury.

The wording of the district court's instruction was not "coercive so as to influence the jury to reach a particular verdict." *Dyba*, 554 F.2d at p. 421. We hold the district court did not err in giving its *Allen* instruction.

## III.

### *Admission of evidence*

■ Defendant urges the district court erred in admitting the government's exhibits into evidence.

In *United States v. Latimer*, 780 F.2d 868, 870 (10th Cir.1985), we reviewed the scope of the prosecutor's duty to turn over evidence to the defendant:

Under *Brady* [*v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ], the prosecution is required to turn over to the defendant evidence favorable or exculpatory to the defendant's case when such evidence is material as to guilt or punishment. In *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Court articulated three situations where the *Brady* doctrine applies. First, where the prosecution knew or should have known that its case contained perjured testimony a conviction will be set aside "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Agurs* at 103, 96 S.Ct. at 2397. Second, where the prosecution fails to respond to a specific request for information, a new trial should be granted if the withheld evidence might have affected the outcome of the trial. *Agurs* at 104, 96 S.Ct. at 2397. Finally, where the defendant generally requests exculpating evidence and such evidence is withheld, reversal is required only if the omitted evidence "creates a reasonable doubt that did not otherwise exist." "*Agurs* at 112, 96 S.Ct. at 2401.

Defendant contends the prosecution withheld unspecified exhibits from defendant until the day of trial, then introduced these exhibits into evidence against him. It is difficult to find support for this allegation in the record. The record contains no specific request for any particular evidence, nor a general request for *Brady* material or exculpatory information. Indeed, the parties' briefs seem to indicate the government maintained this case as an "open file." Further, defendant failed to make a contemporaneous objection at trial to the introduction of any of the government's exhibits. Our examination of the trial transcript reveals that when the prosecution offered the government's exhibits into evidence, defendant explicitly stated he had no objection. Finally, defendant has demonstrated no prejudice. He fails to show how the allegedly suppressed evidence is favorable to him. He also fails to show the materiality of the allegedly suppressed evidence.

We strongly disapprove of delayed disclosure of *Brady* materials. *United States v. Warhop*, 732 F.2d 775 (10th Cir.1984). Here, however, defendant has failed ·to bear the required burden of demonstrating: (1) the prosecution suppressed the evidence, (2) the favorable character of the suppressed evidence, and (3) the materiality of the suppressed evidence. *Warhop*, 732 F.2d at 778. Further, defendant failed to timely and properly object to the introduction of the evidence at trial. Where no contemporaneous objection is made at trial, alleged error will be reviewed on appeal only if it constitutes plain error. Fed.R. Crim.P. 52; *United States v. Douglas*, 668 F.2d 459 (10th Cir.) *cert. den.* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982); *United States v. DeLuzio*, 454 F.2d 711 (10th Cir.) *cert. den.* 407 U.S. 922, 92 S.Ct. 2467, 32 L.Ed.2d 808 (1972); *United States v. Nelson*, 448 F.2d 1304 (10th Cir. 1971). We find no plain error. The prosecutor does not violate his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial. *Agurs*, 427 U.S. at 108, 96 S.Ct. at 2399. We believe defendant had a fair trial.

## IV.

### *Sentencing under 18 U.S.C. § 5010(c)*

■ For his fourth and final proposition, defendant urges the district court erred in sentencing defendant under § 5010(c) of the Federal Youth Corrections Act, 18

U.S.C. §§ 5005–5026, because the court did not state supporting reasons for its express finding of "no benefit." [Section 5010 has now been repealed, Pub.L. 98–473, Title II, § 218(a)(8), Oct. 12, 1984, 98 Stat. 2027.] Defendant's argument is without merit. In *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), *appeal after remand*, 524 F.2d 190 (7th Cir.1975), *cert. den.* 424 U.S. 977, 96 S.Ct. 1483, 47 L.Ed.2d 747 (1976), the Supreme Court held that in sentencing under § 5010(d), an express finding of no benefit must be made on the record, but the Act does not require that it be accompanied by supporting reasons. *Dorszynski*, 418 U.S. at pp. 425–426, 94 S.Ct. at 3044. We hold that the reasoning of *Dorszynski* under § 5010(d), that the district court need only make an express finding of no benefit and need not give supporting reasons, is equally applicable to § 5010(c).

AFFIRMED.