UNITED STATES of America,
Plaintiff–Appellee,

v.

Barbara Lynn BAGGETT,
Defendant–Appellant.

No. 88–2767.

United States Court of Appeals,
Tenth Circuit.

Nov. 28, 1989.

Rehearing Denied Jan. 12, 1990.

Chris Eulberg of Eulberg & Brink, Oklahoma City, Okl., and Bryce A. Baggett of Oklahoma City, Okl., for defendant-appellant.

D. Blair Watson, Asst. U.S. Atty. (Robert E. Mydans, U.S. Atty.), Oklahoma City, Okl., for plaintiff-appellee.

Before SEYMOUR and ANDERSON, Circuit Judges, and KANE *, District Judge.

SEYMOUR, Circuit Judge.

After a jury trial, defendant Barbara Lynn Baggett was found guilty of simple possession of heroin under 21 U.S.C. § 844(a) (1982 & Supp. V 1987), and of three counts of using a telephone to facilitate the distribution of heroin under 21 U.S.C. § 843(b) (1982). Defendant argues that there is insufficient evidence to support the jury's verdict on the possession count, and that section 843(b) does not apply to individuals who use the telephone to arrange drug purchases for their own personal use. We agree and we therefore reverse the conviction.

I.

FACTS

On November 23, 1987, Barbara Baggett made the first of a number of phone calls to Steve Daniels, a suspected drug dealer.[1]

---

* Honorable John L. Kane, Jr., United States District Court for the District of Colorado, sitting by designation.

1. In proceedings connected to this case, Daniels was convicted of various heroin conspiracy, racketeering, possession, and distribution charges. His appeal is pending.

On November 29, she made three more calls to Daniels, all recorded by the police, in which she arranged to purchase some cocaine and heroin, and to meet Daniels at a specified time and place. *See* Government Exhibits Nos. 61, 124, and 125; rec., vol. XI, at 1257–60. At the prescribed location, an Oklahoma City police officer and an agent with the Oklahoma Bureau of Narcotics and Dangerous Drugs twice observed Steve Daniels meeting with a "white female" driving a car registered to Barbara Baggett. Rec., vol. XV, at 2017. It is during these two meetings that the exchange of heroin allegedly occurred, and it is on this day, November 29, that Baggett is charged with the possession of heroin and with making three telephone calls to facilitate the distribution of the drug.

## II.

### SUFFICIENCY OF THE EVIDENCE

In assessing the sufficiency of the evidence for a criminal conviction, we must view all the evidence, both direct and circumstantial, in the light most favorable to the Government. Taken together with all reasonable inferences to be drawn from such evidence, we must determine whether the evidence is sufficient to establish guilt beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Blandin*, 784 F.2d 1048, 1050 (10th Cir.1986). In addition, "our review here does not include assessing the credibility of witnesses; that task is reserved for the jury." *United States v. Levario*, 877 F.2d 1483, 1485 (10th Cir.1989).

■ It is not necessary that the Government have direct evidence to support a conviction for possession. But where, as in this case, the Government fails to seize and analyze the chemical composition of the alleged narcotic substance, there must be enough circumstantial evidence to support an inference that the defendant actually did possess the drugs in question. *See, e.g., United States v. Hill*, 589 F.2d 1344, 1348–50 (8th Cir.1979); *United States v. Iacopelli*, 483 F.2d 159, 161 (2d Cir.1973).

■ The circumstantial evidence that Baggett actually possessed the drugs in question is not strong. The three telephone calls of November 29 do make clear that she arranged for a purchase of a controlled substance on that day. Additionally, some four months later, on March 31, 1988, Baggett confessed to two police officers that during November of 1987 she had used "about a half a pill or balloon of heroin a day and that towards the end of the month she was up to using a whole pill or balloon of heroin per day." Rec., vol. XVI, at 2194. However, the Government must put forth some evidence to show that Baggett actually possessed heroin on the day in question. Such evidence may include

"evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in [her] presence...."

*United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976). *See also United States v. Scott*, 725 F.2d 43, 44–46 (4th Cir.1984).

Little of the relevant information listed in *Dolan* has been presented as evidence here. Both Detective Janice Stupka and Agent Lonnie Wright observed a meeting between Steve Daniels and a "white female." The first meeting took place inside Daniels' car and lasted for about three minutes; the second occurred outside the vehicles, and consisted of only "a brief contact with each other." Rec., vol. XV, at 2018. Neither Wright nor Stupka saw any money or narcotics exchanged at either of the two meetings. Rec., vol. XI, at 1274–75; rec., vol. XV, at 2027. No witness for the Government testified to seeing a drug

exchange between Daniels and Baggett, or to seeing Baggett with heroin at any time on November 29. The Government put forward no evidence other than Stupka and Wright's testimony to show that a transaction actually took place.

If the prosecution is not going to present direct evidence of drug possession, its circumstantial evidence must include some testimony linking defendant to an observed substance that a jury can infer to be a narcotic. The Government here has presented us with no case in which a conviction was upheld without evidence that the defendant possessed a substance and that the substance was a narcotic. Courts typically require much stronger evidence before holding it sufficient to meet the Government's burden of proof. *See, e.g.,* *Scott,* 725 F.2d at 46 (finding that "[e]very fact listed in *Dolan* for establishing circumstantially the illegal character of the [substance] possessed by the defendant was present").

In *Iacopelli,* a conviction was affirmed although no substance was actually observed at the time the defendant allegedly obtained possession of a controlled substance by misrepresentation or deception. 483 F.2d at 161. But in that case, records showed that the defendant, a pharmacist, had ordered a box of a controlled substance, sodium secobarbital; a company "traffic manager" had observed the delivery of a box with outside descriptions consistent with the order; records reflected that sodium secobarbital had, in fact, been delivered; and records revealed that the defendant had been the one to pick up the box. The defendant also later gave a witness a capsule-filled bottle with a "label denoting the contents as sodium secobarbital and bearing the same control number as the control number on the sealed box." *Id.* Such strong circumstantial evidence is not present in this case.

In sum, we conclude that the Government's evidence is insufficient to sustain the possession conviction.[2]

## III.

## FACILITATION OF HEROIN DISTRIBUTION

█ Section 843(b) prohibits the use of "any communication facility.... in causing or facilitating the commission of any act or acts constituting a *felony* under any provision of this subchapter." (Emphasis added). Defendant was convicted of three counts of violating this statute when she used the telephone to order heroin for her personal use. The Government concedes that the simple possession of heroin under section 844(a) is a misdemeanor, not a felony, but it contends that defendant's actions nevertheless constitute a violation of section 843(b) because her use of the phone facilitated the distribution of heroin by her supplier in violation of 21 U.S.C. § 841(a)(1), which is a felony.

In support of its position, the Government argues that "without customers to purchase drugs and assist in the distribution or sale, the drug dealers would go out of business." Government Brief at 78. While this observation may be true, the Government's further assertion that one who uses a telephone to facilitate their simple possession of a controlled substance transforms the crime into a felony does not comport with the legislative history of the statute, which clearly places mere "customers" in the misdemeanor category: "illegal possession of controlled drugs by an individual for [her] own use is a *misdemeanor.*" *See* 1970 U.S.Code Cong. & Admin. News 4566, 4577 (emphasis added); *see also United States v. Swiderski,* 548 F.2d 445, 449 (2d Cir.1977) ("the statutory drug enforcement scheme ... draws a sharp distinction between drug offenses of a com-

---

2. The Government's case has several other weaknesses. Agent Wright was over a block away from the place of Daniels' and Baggett's alleged transaction, and he could not describe the "white female" with any detail. Officer Stupka was closer to the two people and she could identify Daniels, but she was unable to identify the observed white female as Barbara Baggett. *See* rec., vol. XI, at 1272. Additionally, both Stupka and Wright incorrectly described the color of the car later identified as Baggett's.

mercial nature and illicit personal use of controlled substances").

The Government's position that section 843(b) envisions both seller and consumer falling under its strictures is also inconsistent with the section's interpretation by the courts. The Government relies upon our holding in *United States v. Watson,* 594 F.2d 1330 (10th Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979), for its assertion that section 843(b) does not distinguish between those who purchase for "further distribution as opposed to a [purchase] for personal consumption." Government Brief at 79. The Government's reliance on *Watson* is misplaced. In *Watson,* we upheld a conviction for use of a telephone to facilitate distribution of narcotics, but only after concluding that "there was proof that the appellants, *as street dealers,* were using the telephone to obtain heroin or cocaine *for resale." Watson,* 594 F.2d at 1343 (emphasis added). *Watson* involved defendants whose underlying crime was a felony, not a misdemeanor, so it bears little relation to the present case.

Of those cases addressing a mere buyer's use of the telephone, all have held that one guilty of only a misdemeanor cannot be convicted under section 843(b). In *United States v. Martin,* 599 F.2d 880 (9th Cir.), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2407, 60 L.Ed.2d 1067 (1979), one of several defendants, Stephen Davenport, was acquitted of the charges of conspiracy to distribute and to possess with the intent to distribute, but was convicted of attempted possession of cocaine or heroin, and of use of a telephone to facilitate a conspiracy under section 843(b). In reversing Davenport's section 843(b) conviction, the court observed that "[i]n each case in which we have upheld a conviction for facilitation, the defendant's role in the distribution of drugs has been far more substantial than that of a buyer for personal consumption." *Id.* 599 F.2d at 888. The court concluded that

> "a mere customer's contribution to the business he patronizes does not constitute the facilitation envisioned by Congress.... The scheme of the Act shows that Congress intended to draw a sharp

distinction between distributors and simple possessors, both in the categorization of substantive crimes and in the resultant penalties.... To hold that persons who merely buy drugs for their personal use are on equal footing with distributors by virtue of the facilitation statute would undermine this statutory distinction."

*Id.* at 889 (citation omitted). *See also United States v. Van Buren,* 804 F.2d 888, 892 (6th Cir.1986) ("evidence of the purchase of cocaine for personal use does not establish use of the telephone to further the conspiracy"); *United States v. Brown,* 761 F.2d 1272, 1278 (9th Cir.1985) ("use of a telephone to order cocaine for personal use is.... not a lesser-included offense; indeed, it is no offense at all"); *United States v. Adler,* 862 F.2d 210, 215 (9th Cir.1988) (distinguishing a "personal use" case from one which "[s]trong indicia suggested that a conspiracy was afoot and that appellant was participating in that conspiracy").

We agree with these courts and hold that because Baggett used the telephone only to order drugs for personal use, a misdemeanor, she cannot be convicted under section 843(b).

## IV.

## CONCLUSION

We reverse the conviction for simple possession under section 844(a) for insufficiency of evidence, and we reverse the conviction for using the telephone to facilitate the commission of a felony under section 843(b) because, as a matter of law, that provision does not apply to one who uses the telephone to purchase a controlled substance for personal use.

REVERSED.

The mandate shall issue forthwith.