**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Bennie Wren BOLTON,**
**Defendant–Appellant.**

**Nos. 88–1946, 89–5057.**

United States Court of Appeals,
Tenth Circuit.

May 30, 1990.

**320**

Gordon B. Cecil, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him on the brief), Tulsa, Okl., for plaintiff-appellee.

Susan L. Foreman, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Before MOORE and TACHA, Circuit Judges, and KANE, Senior District Judge.*

KANE, Senior District Judge.

The defendant, Bennie Wren Bolton, was found guilty on charges of receiving and possessing a firearm after being convicted of a felony and possessing a firearm not registered in the National Firearms Registration and Transfer Record. He received a forty-year sentence on the first charge and a ten-year sentence on the second, to run concurrently. Bolton now appeals his conviction and sentence on six grounds. He contends that (1) the trial court erred in refusing to disqualify the assistant prosecutor who had earlier represented him, (2) his trial violated the Speedy Trial Act, (3) he was entitled to a jury instruction on the term "firearm," (4) there was insufficient evidence that he possessed the firearm, (5) his sentence was improperly enhanced due to prior convictions, and (6) he was prejudiced by the ineffective assistance of counsel. We affirm.

## I. Facts.

On October 14, 1987, at approximately 1:30 a.m., Officer Wilson of the Tulsa Police Department noticed a car travelling in the opposite direction with its bright lights on. Officer Wilson flashed his lights several times, but the driver of the car, defendant Bolton, did not dim his. Wilson became suspicious that Bolton was driving under the influence, so he turned his car around and activated the siren and lights. Bolton failed to stop. Officer Wilson then broadcast on his radio for assistance. He was joined by Officers Yelton, Groves, and Williams.

During the pursuit, Bolton's car went off the road, hit a fire hydrant, and came to rest with its front approximately two feet off the ground. Bolton got out of the car

---

* Honorable John L. Kane, Jr. United States Senior District Judge for the District of Colorado, sitting by designation.

and ran toward the nearby woods, where he was arrested by Groves and Wilson. As Bolton was exiting the car, Officer Wilson noticed an object falling to the ground. When Officer Yelton approached the car approximately twenty seconds later, he found the sawed-off shotgun that had fallen.

Bolton claimed at trial he did not know that the gun was in the car before he entered it. He testified that the night he was arrested, he borrowed the car from a friend to purchase some drugs for him. After he purchased the drugs, Bolton stated he noticed a women's rabbit coat on the seat. He picked it up and saw the shotgun beneath it. He further testified he did not touch or move the gun.

## II. Issues.

### A. *Failure to Disqualify Prosecutor.*

■ Bolton's first contention is that the trial court erred in denying his motion to disqualify Assistant U.S. Attorney Ron Wallace, who acted as assistant prosecutor for the government throughout the trial. Wallace gave the closing argument at the trial, but otherwise did not speak during the proceedings. Bolton's motion was based on Wallace's representation of Bolton approximately five years earlier on an unrelated armed robbery charge while working for the Tulsa County Public Defender's Office.

At several points during the trial, the court inquired about the extent of Wallace's earlier representation of Bolton. At no time was there the slightest indication that Wallace had obtained sensitive information during his earlier representation of Bolton which could have been used against him in the instant proceeding. On this basis, the district court denied the motion for disqualification.

On a post-trial motion challenging Wallace's participation, the court again addressed the issue. The court was clearly concerned with the appearance of impropriety presented by Wallace's participation in the proceedings, notwithstanding there was little similarity between the current charges and Wallace's earlier representation of Bolton:

> This Court is greatly troubled by the gravity of the issues presented herein.... It would seem to be the incredulity of observers who witness a former defense attorney, privy at one time to the thoughts and motivations of a defendant, turned prosecutor and accuser of the same defendant. Argument has been made to this Court that it took a rare step of belief in the legal system for Defendant Bolton to take the witness stand in his own behalf, as such behavior was uncharacteristic of him during his previous trials. Yet while on the stand, he looked into the eyes of his former confidant and observed him whispering and conferring with the other government counsel. It does not take much of an inferential leap to envision that the presence of a former defense confidant at the opposing table could inhibit other defendants from choosing to take the witness stand, although Mr. Bolton was not so deterred. Such indirect interference with any defendant's right to testify on his own behalf should neither be encouraged nor tolerated.

Order on Post–Trial Motions at 25–26 (attachment to Bolton's Brief). Nevertheless, with an admonishment to the parties, the court concluded that Bolton was not entitled to a new trial on the basis of his former defense counsel having prosecuted him, relying primarily on *Havens v. Indiana,* 793 F.2d 143 (7th Cir.), *cert. denied,* 479 U.S. 935, 107 S.Ct. 411, 93 L.Ed.2d 363 (1986) (holding that the defendant was not denied a fair trial due to the prosecutor's earlier representation of him, even though the prosecutor later filed habitual offender charges against him).

■ The district court's decision on a motion to disqualify is reviewed for an abuse of discretion. *EEOC v. Orson H. Gygi Co.,* 749 F.2d 620, 621 (10th Cir.1984). "The merits of [a] disqualification motion depend on whether a substantial relationship exists between the pending suit and the matter in which the challenged attorney previously represented the client." *Smith v. Whatcott,* 757 F.2d 1098, 1100

(10th Cir.1985). In this case, there was no factual relationship between the two actions in which Wallace participated. Wallace represented Bolton on an armed robbery charge a number of years earlier and testified to the court that he was aware of no confidential information relating to the instant case.

We agree with the district court that there was an appearance of impropriety. We cannot fathom the obdurate persistence of the prosecution in keeping Wallace on this case. The decision, in the face of objection and the trial court's apt criticism is, to say the least, aberrant. The exercise of a modicum of prudence on the part of the prosecutor would have made consideration of this issue on appeal completely unnecessary. Nevertheless, given the district court's careful and detailed consideration of this issue, there has been no abuse of discretion, nor would there have been had the court granted the motion.

B. *Speedy Trial Violation.*

■ Bolton's second contention is that he was tried in violation of the Speedy Trial Act. In particular, Bolton argues that the period of time covered by the court's granting of a continuance relating to the substitution of defense counsel should not be excluded under the Act. This argument has no merit.

The Speedy Trial Act requires that the defendant be brought to trial within 70 days of the filing of the indictment. 18 U.S.C. § 3161(c). Certain time periods are excluded from this computation, however. In subsection 3161(h)(8)(A), the Act excludes

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

This subsection further requires the trial court to set forth in the record "its reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(8)(A). The subsection further lists several factors which the judge should consider in determining whether to grant a continuance, including whether the failure to grant the continuance "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(8)(B)(iv).

■ In this case, Bolton's own actions precipitated the trial court's granting of a continuance. The record reflects that Bolton changed his mind several times on whether he wished to be represented, who he wished to represent him, and whether he was willing to waive his speedy trial rights. Bolton's vacillations in attitude on these subjects usually occurred at the last possible moment, after matters relating to trial had already been set. In the end, the court appointed new counsel for Bolton, with his apparent consent, and then felt it necessary to grant the continuance to enable counsel to prepare adequately for trial.[1] Under these circumstances, the court did not abuse its discretion in granting the continuance, *see United States v. Theron,* 782 F.2d 1510, 1513 n. 1 (10th Cir.1986), and Bolton was not tried in violation of the Speedy Trial Act.

C. *Jury Instruction on Firearm.*

■ Bolton next argues that the trial court erred in failing to instruct the jury on the definition of the term "firearm." This argument merits no discussion because there was no dispute that the sawed-off shotgun recovered in this case was a firearm, Bolton did not request such an in-

---

**1.** The trial court made the requisite findings on the record under § 3161(h)(8)(A).

struction, and Bolton never objected to the instructions that were given.

### D.  Sufficiency of Evidence of Possession.

■ Bolton's fourth claim is that there was insufficient evidence for the jury to have concluded that he possessed the sawed-off shotgun seized from the car. In reviewing this charge, the appellate court must determine whether there was evidence upon which the jury reasonably could have based a verdict of guilty beyond a reasonable doubt. *United States v. Baggett,* 890 F.2d 1095, 1096 (10th Cir.1989). All the evidence, both direct and circumstantial, must be viewed in the light most favorable to the Government. *Id.*

■ In *United States v. Cardenas,* 864 F.2d 1528, 1533 (10th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989), a case quite similar on its facts, we noted that "possession in fact is not a prerequisite [to conviction for unlawful possession of a firearm], constructive possession [is] sufficient." There we defined constructive possession as when " 'a person *knowingly* holds the power to exercise dominion and control' " over the item. *Id.* (citations omitted). The court in *Cardenas* concluded there was sufficient evidence that the defendant possessed the firearm because Cardenas admitted to officers he knew the gun was in his truck and the gun was found within reach of his hands.

Identical factors are present in this case. Bolton admitted the sawed off shotgun had been in the car and that he knew it was there. The gun was also in close physical proximity to Bolton in the car because it fell to the ground when he exited. Finally, with the exception of his testimony denying the gun and car belonged to him, Bolton presented no evidence at trial to substantiate his version of the events. There was sufficient evidence to convict Bolton on the charges against him.

### E.  Improper Sentence Enhancement.

■ Bolton additionally contends his sentence was improperly enhanced under 18 U.S.C. § 924(e). This statute provides that a person violating 18 U.S.C. § 922(g) (firearm possession by a former felon) who has three previous violent felonies or serious drug offenses is subject to a fine and imprisonment without parole for 15 years. Bolton contends he did not have three previous felonies because his prior convictions were simultaneously entered. His argument is unavailing.

In connection with this case, the government filed an Information setting out Bolton's four prior convictions for armed robbery. The robberies occurred on separate dates and at separate locations. Although Bolton was convicted in a single judicial proceeding for these crimes, the conviction was for multiple counts arising from separate criminal transactions. Section 924(e)(1) requires only that the felonies be "committed on occasions different from one another." *See, e.g., United States v. Rush,* 840 F.2d 580, 581 (8th Cir.1988) (separate convictions not required); *United States v. Herbert,* 860 F.2d 620, 622 (5th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989) (same). The sentence enhancement under § 924(e) was therefore proper, notwithstanding Bolton's prior convictions were simultaneously entered.

### F.  Ineffective Assistance of Counsel.

Bolton's final contention is that he was denied the effective assistance of counsel. To prevail on this claim, *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984) requires that the defendant show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that his defense was prejudiced by these errors. Bolton has not made this showing.

Bolton's brief on this issue is conclusory. With respect to his first counsel, Wesley Gibson (who Bolton asked to withdraw), Bolton complains that his right to proceed

pro se was not adequately protected, that counsel did not object to the government's use of the Information for sentence enhancement, and that counsel divulged privileged information.[2] As for his court-appointed trial counsel, Wesley Johnson, Bolton claims that Johnson did not adequately prepare for trial or consult with him, that Johnson failed to file a motion for new trial, that he failed to object to the sentence enhancement, and that he also failed to protect Bolton's right to proceed pro se.[3]

In reviewing Bolton's post-trial motion on this basis, the district court summarily rejected Bolton's claim, finding that Bolton had not met the *Strickland* standards for showing the ineffective assistance of counsel. The court stated that "[a]lthough neither Attorney Gibson nor Attorney Johnson may have uttered the words Defendant Bolton may have wished or have achieved the result desired, the legal assistance rendered to Defendant Bolton cannot be found by this Court to be defective, nor to have prejudiced Bolton's defense." *Id.* Absent a more competent showing by Bolton of how his attorneys were deficient and how these deficiencies prejudiced him, this conclusion is inescapable.

### III. Conclusion.

The judgment of conviction and the sentence are affirmed.

---

**2.** Bolton does not specify what information was divulged or to whom.

**3.** Addressing Bolton's complaint that he was denied the ability to proceed pro se, the district court expressly noted that, "after exhaustive re-

view of every utterance made by or on behalf of Mr. Bolton," the court could not find that Bolton had ever affirmatively requested that he be allowed to proceed pro se. Order on Post–Trial Motions at 14.