**UNITED STATES of America, Plaintiff,**

v.

**Humberto CHAVEZ–GARCIA, Defendant.**

No. CRIM. 98–1292–R.

United States District Court,
S.D. California.

June 29, 1998.

Alan D. Bersin, United States Attorney, Robert Ciaffa, Assistant U.S. Attorney, San Diego, CA, for Plaintiff.

Joseph J. Burghardt, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

RHOADES, District Judge.

### I. Overview

Defendant Humberto Chavez–Garcia has filed a Motion to Dismiss the indictment. For the reasons stated below, the Court denies the motion.

## II. Background[1]

Defendant is a Mexican national who has a criminal history in the United States and has been deported several times. On March 2, 1998, Defendant attempted to enter the United States through the pedestrian portion of the San Ysidro Port of Entry, claiming he was an American citizen. Defendant was arrested.

On March 17, 1998, in accordance with the "fast track policy," Defendant requested that the preliminary hearing be continued for six weeks. The "fast track policy" was instituted to expedite illegal reentry cases. Typically, the government makes a plea offer contingent upon acceptance prior to the issuance of an indictment. After an indictment is returned, the offer is rescinded. To allow more time for considering the offer, defendants often move to continue the proceedings. The Speedy Trial Act (STA) provides, however, that "[a]ny ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ...." 18 U.S.C. § 3161(b). As part of the agreement, defendants agree to exclude the continuance period from the 30–day period. In this case, Magistrate Judge Aaron asked Defendant personally if he agreed with the request for a continuance, and Defendant stated that he did. (*See* Minute Order, 3/17/98). The court then granted Defendant's motion.

On April 2, 1998, the grand jury returned a two-count indictment. Count one charged Defendant with being a deported alien attempting to re-enter the United States, in violation of 8 U.S.C. § 1326. Count two charged Defendant with making a false claim of United States citizenship, in violation of 18 U.S.C. § 911.

## III. Discussion

Defendant has filed a Motion to Dismiss the indictment based on a violation of the STA. *See* 18 U.S.C. § 3161 et seq. Although Defendant requested the continuance, he now makes two arguments as to why Magistrate

Judge Aaron should not have granted his request. First, Defendant claims that there was no adequate basis for excluding the continuance period from the 30–day limit mandated by the STA. Second, Defendant argues that the time waiver, required by the government in "fast track" cases, was coerced.

### A. Defendant's Claim That The Continuance Period Should Not Be Excluded From The 30–Day Limit Mandated By The Speedy Trial Act

The STA requires that an indictment be secured within 30 days of an individual's arrest; otherwise, the indictment must be dismissed. *See* 18 U.S.C. §§ 3161(b), 3162(a)(1) (requiring dismissal of untimely counts). However, a court may exclude from the 30–day calculation any delay resulting from a continuance, if the court "grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In this case, Magistrate Judge Aaron made such a finding.

■ Nevertheless, Defendant contends that this finding was improper. Even if Defendant is correct, his motion fails because it does not adequately consider the reasons behind the continuance and the party that most benefits from the continuance. "Where a defendant's own actions contribute to the need for an 'ends of justice' continuance ... the defendant cannot complain that a continuance violates his or her speedy trial rights." *United States v. Lewis,* 980 F.2d 555, 562 (9th Cir.1992).

■ Here, the belief that a continuance afforded Defendant the best chance at a favorable plea agreement, evidenced by the fact that Defendant moved for the continuance, cannot be ignored. In this situation, the responsibility for the delay should be attributed to Defendant rather than the government, thus ameliorating concerns regarding the STA. *See United States v. Bolton,* 905 F.2d 319, 322 (10th Cir.1990) (holding that

---

1. The Court takes the following statement of facts from the parties' briefs. The Court expresses no view on the accuracy of those facts.

when a defendant's actions precipitate a continuance, a court may properly exclude the continuance time); *United States v. Mentz*, 840 F.2d 315, 331 (6th Cir.1988) (holding that where a defendant's actions contribute to the government suspending trial preparation, the delay is attributed to the defendant and he need not be "rewarded" by dismissing the indictment).

Defendant's argument is spurious in that he essentially requests that the indictment be dismissed because he was granted a continuance that was intended to facilitate a plea agreement, negotiations which he conceded were his "best chance" to secure a favorable plea. (Def.'s Br. at 3.) "The [STA] was not enacted to allow a defendant to string the court along ... and then use the Act as a sword to dismiss a proper indictment, rather than as a shield to protect against unnecessary and unfair delays [by the government]." *United States v. Studnicka*, 777 F.2d 652, 658 (11th Cir.1985).[2] Because Defendant himself requested the delay, the Court denies his motion.

## B. Defendant's Claim That The Time Waiver Was Coerced By The Government

██ Defendant contends, however, that the time waiver, required by the government in "fast track" cases, was coerced. What Defendant fails adequately to address in this argument is the fact that the criminal justice process is inherently coercive, and the government is fully justified in bargaining hard. *Cf. United States v. Noushfar*, 78 F.3d 1442, 1446 (9th Cir.1996) ("[d]uring plea negotiations ... prosecutors may threaten additional charges and may carry through on this threat"); *United States v. North*, 746 F.2d 627, 632 (9th Cir.1984) (holding that the government properly added additional charges because the defendant refused to cooperate), *overruled on other grounds by North v. United States*, 470 U.S. 1058, 105 S.Ct. 1773, 84 L.Ed.2d 832 (1985).

Defendant had the option of refusing to waive time and insisting upon going forward under the protections afforded by the STA. Alternatively, he had the option of requesting

a shorter continuance, perhaps a time period that allowed compliance with the STA. In any event, Defendant sought the continuance because he believed that it would be in his best interest. There is nothing coercive about the government providing the "fast track" alternative when the defendant has an absolute right to refuse it. Thus, the time waiver was not coerced, and the Court denies Defendant's motion.

## IV. Conclusion

For the reasons stated above, the Court denies Defendant's Motion to Dismiss.

IT IS SO ORDERED:

___

**2.** The government cites *United States v. Zane*, No. 91–50164, 1993 WL 18268 (9th Cir. Jan.28, 1993), for this principle. Because *Zane* is an unpublished case, this reference violates Ninth Circuit Rule 36–3.