F I L E D
United States Court of Appeals
Tenth Circuit

JAN 26 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAYTON SHANNON FANCHER,

      Petitioner-Appellant,

v.

LENORA JORDAN,

      Respondent-Appellee.

No. 98-6296
(D.C. CIV-98-496-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Petitioner-appellant Clayton Fancher was convicted after a jury trial in the District

Court of Oklahoma County, Oklahoma, of conspiring to traffic methamphetamine and

trafficking methamphetamine. The Oklahoma County District Court sentenced him to

two concurrent 27 ½ year sentences. After the Oklahoma Court of Criminal Appeals

affirmed his conviction and sentence, Mr. Fancher filed a petition for a writ of habeas

corpus in the United States District Court for the Western District of Oklahoma pursuant

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to 28 U.S.C. § 2254.

In his federal habeas petition, Mr. Fancher asserted the following claims: (1) that the conspiracy conviction should be vacated because the information failed to allege that he committed an overt act in furtherance of the conspiracy; (2) that there was insufficient evidence to support the conspiracy charge because the prosecution failed to prove that there was any agreement to traffic methamphetamine; (3) that there was insufficient evidence to support the substantive count of trafficking methamphetamine because accomplice testimony was not corroborated; and (4) that there was insufficient evidence to support the substantive methamphetamine count because the state failed to prove that the substance Mr. Fancher sold was methamphetamine.

The district court rejected all of these claims, see Rec. docs. 14, 17, and denied Mr. Fancher's application for a certificate of appealability, see id. doc. 22. Mr. Fancher now seeks to appeal the district court's ruling on his fourth claim, arguing that the court erred in concluding that there was sufficient evidence to prove that the substance in question was methamphetamine.[1]

In order to support a conviction for drug possession, the state need not present direct evidence. United States v. Baggett, 890 F.2d 1095, 1096 (10th Cir. 1989).

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

However, when "the Government fails to seize and analyze the chemical composition of the alleged narcotic substance, there must be enough circumstantial evidence to support an inference that the defendant actually did possess the drugs in question." Id. This circumstantial evidence may include:

> "evidence of the physical appearance of the substance . . . ,
> evidence that the substance produced the expected effects
> when sampled by someone familiar with the illicit drug,
> testimony that a high price was paid in cash for the substance,
> evidence that transactions involving the substance were
> carried on with secrecy or deviousness, and evidence that the
> substance was called by the name of the illegal narcotic by the
> defendant or others in [her] presence."

Id. (quoting United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1984)).

In this case, the respondent has acknowledged that the prosecution did not introduce direct evidence at trial regarding the chemical composition of the substance distributed by Mr. Fancher in December 1989. However, the respondent has identified circumstantial evidence supporting the inference that the substance in question was methamphetamine. In particular, a government informant testified that he was familiar with the effects of methamphetamine, that he used the substance involved in the December transaction, and that the substance affected him in a way that he associated with methamphetamine. Additionally, the state presented evidence that Mr. Fancher resold a large quantity of the substance to a buyer at a price commensurate with the price offered for methamphetamine and that the buyer never questioned the identity of the substance. We agree with the magistrate judge and the district court that this

3

circumstantial evidence is constitutionally sufficient to support Mr. Fancher's conviction for trafficking in methamphetamine.

Accordingly, we deny Mr. Fancher's application for a certificate of appealability and dismiss this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge