**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTOINE LESTRICK,

    Defendant-Appellant.

No. 03-4011
(D. Utah)
(D. Ct. No. 02-CR-113-ALL)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Antoine Lestrick appeals from his conviction and sentence, invoking our

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  His counsel on

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw.[1] For the reasons set forth below, we grant counsel's motion to withdraw, dismiss the appeal in part and affirm the district court with respect to the issue that survived dismissal.

## II. Background

On March 6, 2002, Lestrick was indicted on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On May 22, 2002, present counsel was appointed for Lestrick. Counsel demanded discovery from the government, specifically requesting production of exculpatory material. Later, Lestrick negotiated a plea agreement in which he waived his right to appeal from his sentence unless, *inter alia*, the sentence was imposed in violation of the law. Pursuant to that agreement, Lestrick entered an unconditional plea of guilty to the charged offense on October 7, 2002.

Lestrick was provided a copy of the presentence report recommending the base offense level of twenty-four be increased two levels pursuant to United States Sentencing Guidelines (USSG) § 2K2.1(b)(4) because the firearm he

[1]If counsel determines an appeal would "be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal, and the defendant must be given the opportunity to raise any additional points. *Id.*

illegally possessed was stolen. The government also provided Lestrick with copies of police reports verifying that the illegally possessed firearm was also stolen. Appellate Br. at 10-11. On December 2, 2002, he filed a written objection to the recommendation. The district court imposed the recommended enhancement. On January 6, 2002, Lestrick was sentenced to eighty-four months imprisonment. This appeal followed.

In Appellant's brief, counsel candidly admits to an absence of legal support for the arguments advanced. Nonetheless, as *Anders* requires, several possible issues are identified. Lestrick claims (1) his guilty plea was not knowing and voluntary because the government withheld certain exculpatory evidence, (2) the district court erred in denying his suppression motion, and (3) he suffered from ineffective assistance of counsel.

## II. Discussion

Lestrick asked to be provided with all exculpatory material, but the government did not disclose police reports verifying that the firearm was stolen until after he pled guilty. That untimely disclosure, he argues, is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and, accordingly, his guilty plea was not knowingly and intelligently made.[2] Lestrick did not present this argument to the

---

[2]Lestrick also claims the district court erred in refusing to grant a requested downward departure, but makes no argument in support of that claim. Instead he argues that the trigger fact for sentencing enhancement, the stolen firearm, should

-3-

district court and did not attempt to withdraw his guilty plea.

We do not entertain appeals when a defendant has waived the right to appeal. *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir.2000). But, Lestrick reserved the right to appeal from a sentence imposed in violation of law and we have recognized that "under certain limited circumstances, the prosecution's violation of Brady can render a defendant's plea involuntary." *United States v. Wright,* 43 F.3d 491, 496 (10th Cir. 1994). Accordingly, we consider the *Brady* argument. Because Lestrick failed to bring the alleged *Brady* violation before the district court, we review for plain error. *United States v. Blandin*, 784 F.2d 1048, 1051 (10th Cir. 1986).

To establish a *Brady* violation, a defendant must demonstrate "(1) the prosecutor suppressed evidence; (2) the evidence was **favorable** to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material." *Knighton v. Mullin,* 293 F.3d 1165, 1172 (10th Cir. 2002), *cert denied*, 123 S. Ct. 1588 (2003) (quoting *Gonzales v. McKune*, 247 F.3d 1066, 1075 (10th Cir. 2001)) (emphasis added). He doesn't explain and we are unable to divine how the fact that the firearm was stolen (in addition to being illegally possessed) is, in any

---

have been alleged in the indictment and proven at trial, citing *Apprendi v. New Jersey,* 530 U.S. 466, 476 (2000). He suggests our cases to the contrary should be overruled, but does not offer cogent argument. We disregard such claims. *United States v. Metzger*, 233 F.3d 1226, 1229 (10th Cir. 2000) *(*citing *Phillips v. Calhoun*, 956 F.3d 949, 953 (10th Cir. 1992))

way, exculpatory. There was no *Brady* violation. That ends the inquiry since Lestrick offers no other reason why his plea was other than knowing and intelligent.

Lestrick also argues the district court erred in denying a motion to suppress. But a voluntary, knowing, and unconditional plea of guilty waives all non-jurisdictional defenses and thus precludes appellate review of the denial of that motion. *United States v. Davis*, 900 F.2d 1524, 1525-26 (10th Cir. 1990). Other than the *Brady* argument, discussed *supra*, Lestrick does not claim his unconditional plea was not knowingly and voluntarily entered.

Finally, Lestrick claims (restated for clarity): 1) his counsel failed to diligently pursue discovery and therefore did not know the firearm was stolen before he entered his guilty plea, 2) had counsel known the firearm was stolen and appreciated the attendant risk of a sentencing enhancement, the potential consequences could have been evaluated before the guilty plea was entered, and 3) he was thereby denied effective assistance of counsel. Evaluation of this argument will require record development in the district court. "[I]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). We therefore decline to review the ineffective

assistance of counsel claim.

Accordingly, the judgment and sentence of the district court are **AFFIRMED** with respect to his allegation the sentence was illegally imposed because of a *Brady* violation. The appeal is **DISMISSED** with respect to the remaining issues. Counsel's request to withdraw is **GRANTED**.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge