958 F.2d 30
 Joseph WISE, Appellant,
v.
Thomas A. FULCOMER, Superintendent; the Attorney General of
the State of Pennsylvania; Ronald D. Castille,
District Attorney for Philadelphia County.
 No. 90-1903.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 17, 1991.
Decided Feb. 24, 1992.
 
 Steven A. Morley (argued), Morley & Farber, Philadelphia, Pa., for appellant.
 Hugh J. Burns, Jr. (argued), Elizabeth J. Chambers, Office of Dist. Atty., Philadelphia, Pa., for appellee Ronald D. Castille, Dist. Atty. for Phila. County.
 Before STAPLETON, SCIRICA and ROTH, Circuit Judges
 OPINION OF THE COURT
 SCIRICA, Circuit Judge.
 
 
 1
 Joseph Wise seeks habeas corpus relief under 28 U.S.C. § 2254. His habeas corpus petition raises various procedural and constitutional objections to his conviction for robbery and related offenses. The Commonwealth of Pennsylvania challenged Wise's petition on the ground that it constitutes an abuse of the writ. The district court dismissed the petition for failure to exhaust state remedies. Because we believe that the abuse of the writ inquiry should have been undertaken before exhaustion was addressed, we will vacate and remand for consideration whether Wise's habeas corpus petition is barred under McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).
 
 I.
 
 2
 On June 11, 1979, Wise was arrested and charged with robbery, conspiracy, and possession of an instrument of crime in connection with the armed robbery of a Philadelphia Savings Fund Society Bank. He was convicted by a jury in the Philadelphia Court of Common Pleas of all three charges. On October 23, 1980, the court sentenced Wise to seven and one-half to fifteen years' imprisonment on the robbery conviction only.
 
 
 3
 Wise appealed to the Pennsylvania Superior Court. The Superior Court affirmed the trial court's judgment of sentence on April 30, 1982, and Wise filed a pro se petition for allowance of appeal (allocatur petition) with the Pennsylvania Supreme Court. This petition was denied on March 4, 1983.[1] Wise then turned to federal court and filed the first of six petitions for a writ of habeas corpus under 28 U.S.C. § 2254.
 
 
 4
 On December 7, 1983, the district court dismissed Wise's first habeas corpus petition for failure to exhaust state remedies. Shortly thereafter, Wise filed a second petition, which was dismissed for the same reason on January 9, 1984. Later that month, Wise filed a third habeas corpus petition, this time alleging only that his Miranda rights had been violated. This claim was deemed exhausted, and was denied on the merits by the district court on May 9, 1985.
 
 
 5
 On August 13, 1985, Wise returned to state court and filed a Post Conviction Hearing Act, 42 Pa.Cons.Stat.Ann. § 9541 et seq. (1982) (superseded), petition and request for appointment of counsel with the Philadelphia Court of Common Pleas. Wise's court-appointed counsel filed an amended petition. Meanwhile, Wise filed two additional habeas corpus petitions in federal court, both of which were dismissed for failure to exhaust state remedies. On February 3, 1988, the Court of Common Pleas denied Wise's PCHA petition, including both the pro se and counselled claims.
 
 
 6
 Wise appealed to the Pennsylvania Superior Court. Both pro se and counselled briefs were filed. The Superior Court, 391 Pa.Super. 643, 563 A.2d 196, affirmed the trial court's order denying relief on May 30, 1989, and Wise filed an allocatur petition with the Pennsylvania Supreme Court. Wise's court-appointed counsel also filed a petition. Both petitions were denied on November 6, 1989, prompting Wise to return to federal court and file the instant habeas corpus petition on January 23, 1990.
 
 
 7
 Wise's latest habeas corpus petition alleges a full and fair hearing claim and the six constitutional claims raised in his allocatur petition to the Pennsylvania Supreme Court.[2] The Commonwealth challenged this petition on the ground that it constitutes an abuse of the writ in violation of Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254, Rule 9(b). The magistrate judge issued a report and recommendation that Wise's habeas corpus petition be dismissed for failure to exhaust state remedies, which was approved and adopted by the district court on October 31, 1990. Wise v. Fulcomer, No. 90-0487, 1990 WL 69059 (E.D.Pa.1990).[3] This appeal followed.
 
 II.
 
 8
 We granted a certificate of probable cause to appeal and appointed counsel to represent Wise. On appeal Wise contends that the district court erred in dismissing his habeas corpus petition for failure to exhaust state remedies. The Commonwealth renews its contention that Wise's petition constitutes an abuse of the writ.[4] The question before us is whether the district court should have addressed the Commonwealth's abuse of the writ argument before reaching the exhaustion issue. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir.1991).
 
 A.
 
 9
 "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." Harris v. Nelson, 394 U.S. 286, 290-91, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969). Federal courts may grant habeas corpus relief on behalf of any person held in custody pursuant to a judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).
 
 
 10
 The Supreme Court has long recognized that habeas corpus jurisprudence is governed by equitable principles, and "that a suitor's conduct ... may disentitle him to the relief he seeks." Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). These principles have spawned certain procedural prerequisites.
 
 
 11
 For example, as a general rule, federal courts may not grant habeas corpus relief "unless it appears the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). A claim is not exhausted until it has been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); see also 28 U.S.C. § 2254(c).[5] As we have explained, the exhaustion requirement "rests upon the principles of comity and judicial economy. The requirement provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." Hankins, 941 F.2d at 249.
 
 
 12
 Although the exhaustion requirement is not jurisdictional, "we have held that the requirement should be strictly adhered to because it expresses respect for our dual judicial system." Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990); see also Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1981). In certain instances, however, lack of exhaustion may be excused. United States ex. rel. Trantino v. Hatrack, 563 F.2d 86, 95 (3d Cir.1977), cert. denied, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).[6]
 
 
 13
 When a state prisoner files successive petitions for habeas corpus relief he may also be subject to the abuse writ doctrine. Under this doctrine, a federal court need not entertain a subsequent habeas corpus petition
 
 
 14
 unless [it] alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the [federal] court ... is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.
 
 
 15
 28 U.S.C. § 2244(b);see also id. § 2254, Rule 9(b).[7]
 
 
 16
 As set forth by the Supreme Court in McCleskey v. Zant, the abuse of the writ doctrine bars claims which could have been raised in an earlier habeas corpus petition except upon a showing of "cause and prejudice." 111 S.Ct. at 1470. A further exception exists where "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id.[8]
 
 
 17
 The cause and prejudice analysis originated in the Court's procedural default jurisprudence. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). To show cause, a petitioner must establish that "some external impediment" prevented him from raising the claim in an earlier habeas corpus petition. McCleskey, 111 S.Ct. at 1472.[9] Prejudice exists where "errors at trial ... worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982) (emphasis in original)).
 
 
 18
 Even where cause and prejudice are absent, federal courts may entertain successive claims if necessary to prevent a fundamental miscarriage of justice. McCleskey, 111 S.Ct. at 1470. This situation may arise where "a petitioner supplements a constitutional claim with a 'colorable showing of factual innocence.' " See id. (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).
 
 
 19
 The abuse of the writ doctrine is founded upon "concerns flowing from the significant costs of federal habeas corpus review." Id. 111 S.Ct. at 1468. In particular, the doctrine is aimed at (1) promoting the finality of state court judgments; (2) preserving the capacity of the federal courts to resolve primary disputes; and (3) encouraging petitioners to bring their claims when the evidence is fresh. Id. at 1468-69. These concerns, although present in other contexts, are magnified in the case of successive habeas corpus petitions. Id. at 1469.
 
 B.
 
 20
 The question here is whether the district court properly dismissed Wise's habeas corpus petition for failure to exhaust state remedies before considering whether it constitutes an abuse of the writ. As we have noted, Wise's third habeas corpus petition, containing only his Miranda claim, was denied on the merits, and the Commonwealth properly raised abuse of the writ below.
 
 
 21
 In McCleskey the Supreme Court characterized the abuse of the writ question as a "threshold" matter. Id. 111 S.Ct. at 1471.[10] Moreover, in discussing the statutory framework underlying the abuse of the writ inquiry, the Court stated that "[i]f the petitioner meets these conditions, the court must consider the subsequent petition as long as other habeas errors, such as nonexhaustion, ... are not present." Id. at 1466. Accordingly, we read McCleskey to suggest that, when properly raised, the abuse of the writ question should be considered before exhaustion.
 
 
 22
 This interpretation comports with the policies upon which the exhaustion requirement and the abuse of the writ doctrine are founded. Judicial economy is furthered by enabling courts to weed out abusive habeas corpus petitions without having to consider whether state remedies have been exhausted. Whereas the exhaustion inquiry often requires federal courts to interpret state procedural schemes, the abuse of the writ doctrine permits focus on whether there is cause and prejudice. As the Court noted in McCleskey, this "standard is an objective one, and can be applied in a manner that comports with the threshold nature of the abuse of the writ inquiry." 111 S.Ct. at 1471; see also Rosenberg, Kaddish for Federal Habeas Corpus, 59 Geo.Wash.L.Rev. 362, 372 & n. 68 (1991) (discussing the application of the cause and prejudice standard in the procedural default context). An evidentiary hearing is not required if the district court determines that, as a matter of law, the petitioner cannot meet the cause and prejudice standard. McCleskey, 111 S.Ct. at 1470; see Woods v. Whitley, 933 F.2d 321, 323 (5th Cir.1991). Of course, even where cause and prejudice are absent, federal courts may entertain otherwise barred claims if necessary to prevent a fundamental miscarriage of justice. Id. 111 S.Ct. at 1470.
 
 
 23
 At the same time that judicial economy is furthered, comity and federalism are respected. Even where a successive habeas corpus petition contains unexhausted claims, the determination whether there is cause and prejudice will seldom require reaching the merits of these claims. As the Supreme Court has recognized in the procedural default context, "[t]he question whether there is cause ... does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits." Murray, 477 U.S. at 488-89, 106 S.Ct. at 2646. Nevertheless, where the district court would be required to adjudicate an unexhausted constitutional claim in determining whether there is an abuse of the writ, the better practice would be to dismiss the successive habeas corpus petition on exhaustion grounds. See id.[11]
 
 
 24
 As we have explained, if it is determined that a successive habeas corpus petition does not abuse the writ, it is necessary to consider whether the petition suffers from other procedural defects, including lack of exhaustion, which may preclude federal habeas corpus review on the merits. See McCleskey, 111 S.Ct. at 1466.[12]III.
 
 
 25
 Because the district court dismissed Wise's habeas corpus petition for failure to exhaust state remedies without first considering the Commonwealth's abuse of the writ argument, we will vacate and remand. On remand the district court should determine whether Wise's petition constitutes an abuse of the writ under McCleskey v. Zant, unless applying the abuse of the writ doctrine first would require the district court to adjudicate an unexhausted constitutional claim.
 
 
 
 [1]
 Under Pennsylvania law, allocatur review "is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor." Pa.Rule App.Proc. 1114
 
 
 [2]
 Wise's petition asserts that: (1) he was denied a full and fair hearing on his constitutional claims in state court; (2) the trial counsel's testimony for the Commonwealth at a second suppression hearing created a conflict of interest; (3) the prosecutor's reference to photographs of Wise in his closing argument was prejudicial; (4) evidence obtained pursuant to an unlawful arrest was wrongfully introduced; (5) his confession was obtained in violation of his Miranda rights; (6) evidence introduced was obtained pursuant to an unlawful search and seizure; and (7) the trial court erred in conducting a second limited suppression hearing based on newly discovered evidence. The full and fair hearing claim was presented for the first time. With the exception of the Miranda claim, which was raised in Wise's third habeas corpus petition, the remaining constitutional claims were presented for the first time in his pro se allocatur petition to the Pennsylvania Supreme Court
 
 
 [3]
 The district court ruled that, with the exception of the Miranda claim, Wise's constitutional claims were not exhausted. In reaching this conclusion, the court relied principally on Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989), which held that raising a claim for the first time in an allocatur petition to the Pennsylvania Supreme Court does not exhaust the claim. According to the district court, although the Pennsylvania Superior Court rejected the constitutional claims here as ineffective assistance of counsel claims, "the underlying constitutional merits of these claims were never raised before [that] Court." The court dismissed Wise's Miranda claim as an abuse of the writ
 
 
 [4]
 The Commonwealth asserted below that Wise's constitutional claims were exhausted on the ground that they were defaulted in state court, but does not address exhaustion in its appellate brief. At oral argument, however, the Commonwealth contended that we should address the abuse of the writ question before considering whether Wise's claims have been exhausted
 
 
 [5]
 Section 2254(c) provides that "[a]n applicant [for a writ of habeas corpus] shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c)
 
 
 [6]
 For example, we have not required exhaustion where (1) "the state corrective process is so deficient as to render any effort to obtain relief futile," Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir.1986); (2) "the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable," Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987); and (3) an "inordinate delay in state procedures ... render[s] state process ineffective," Hankins, 941 F.2d at 250
 
 
 [7]
 Rule 9(b) provides, in part, that
 [a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constitutes an abuse of the writ.
 28 U.S.C. § 2254, Rule 9(b).
 
 
 [8]
 The government bears the burden of pleading an abuse of the writ. To satisfy this burden, it must set forth the petitioner's prior writ history and identify the claims appearing for the first time in the successive habeas corpus petition. Upon such a showing, the burden shifts to the petitioner to disprove abuse by showing cause and prejudice. If the district court determines that, as a matter of law, the petitioner cannot meet this standard, it may dismiss the habeas corpus petition without an evidentiary hearing. Even where cause and prejudice are absent, however, the court may entertain a claim if necessary to prevent a fundamental miscarriage of justice. See McCleskey, 111 S.Ct. at 1470
 
 
 [9]
 Examples of external impediments which have been found to constitute cause in the procedural default context include "interference by officials," "a showing that the factual or legal basis for a claim was not reasonably available to counsel," and "ineffective assistance of counsel." McCleskey, 111 S.Ct. at 1470
 
 
 [10]
 The Court cited Price v. Johnston, 334 U.S. 266, 287, 68 S.Ct. 1049, 1061, 92 L.Ed. 1356 (1948), which noted that the "abuse of the writ is 'preliminary as well as collateral to a decision as to the sufficiency or merits of the allegation itself.' " McCleskey, 111 S.Ct. at 1471
 
 
 [11]
 In Murray, a procedural default case, the Court rejected petitioner's argument that counsel's failure to raise an issue on direct appeal constituted cause. According to the Court, to constitute cause, the attorney error must amount to ineffective assistance of counsel. 477 U.S. at 488, 106 S.Ct. at 2645. Furthermore, "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Id. at 488-89, 106 S.Ct. at 2646
 If a petitioner could raise his ineffective assistance of counsel claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," ... and that holds true whether an ineffective assistance of counsel claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.
 Id. at 489, 106 S.Ct. at 2646 (citation omitted). Although the Court has yet to address the applicability of Murray in the abuse of the writ context, the proposition that federal courts should not adjudicate unexhausted claims in determining whether there is cause would seem to hold true.
 
 
 [12]
 United States ex. rel. Trantino v. Hatrack is not to the contrary. In Hatrack we held that the exhaustion requirement cannot be waived or conceded by state prosecutors. 563 F.2d at 96. Whether a claim is exhausted is a decision for the district court. For, as we observed in Hatrack, "[e]xhaustion ... serves an interest not of state prosecutors but of state courts." Id. (emphasis in original)
 One might argue that, by urging us to affirm the district court on abuse of the writ grounds alone, the Commonwealth has conceded exhaustion in contravention of Hatrack. However, our discussion here is limited to the question whether, in the case of a successive habeas corpus petition, abuse of the writ concerns should be addressed before exhaustion--not whether abuse of the writ concerns should be addressed instead of exhaustion.