**Robert SAUNDERS, Petitioner,**

v.

**Elizabeth NEAL and Charles M. Oberly, III, Respondents.**

Civ. A. No. 92–447–RRM.

United States District Court,
D. Delaware.

April 6, 1993.

Robert Saunders, pro se petitioner.

Loren C. Meyers, Esquire, State of Del. Dept. of Justice, Wilmington, DE, for respondents.

### MEMORANDUM OPINION

McKELVIE, District Judge.

This is a habeas corpus case. The petitioner, a state prisoner, was convicted of first degree murder, first degree conspiracy, second degree conspiracy, third degree burglary, theft, and possession of a deadly weapon during the course of a felony. He is serving

a term of life imprisonment without parole. He has filed two previous petitions for habeas corpus which were denied.

The petitioner asserts four grounds for relief: 1) that he was improperly sentenced as a habitual offender; 2) that the State prosecution discriminated on the basis of race in selecting his jury; 3) that the prosecution failed to disclose *Brady* material, specifically polygraph examinations of a witness (and partner in crime); and, 4) that the prosecutor made improper, prejudicial remarks in his opening statement at the plaintiff's trial and that defense counsel made other prejudicial remarks. For the following reasons, the Court will dismiss all claims under Habeas Rule 9(b) as an abuse of the writ.

FACTS

On May 16, 1975, the petitioner murdered Joseph L. "Spoon" Johnson following a bank burglary which the petitioner and Johnson had perpetrated along with Eron Davis, Joseph Wood, and William Jones. The petitioner had shot Johnson in the back of the head, ordered his co-conspirators to shoot Johnson as well, and had Davis and Jones throw the body into a creek. Testimony later revealed that the petitioner had planned to murder Johnson in the planning of the burglary. The petitioner had said, for example, that he planned to use hollow point bullets so that Johnson could be shot in the car without breaking the windshield.

At trial, Davis, Wood, and Jones testified as to the murder and the petitioner's role in it. Furthermore, an FBI agent testified that bullets recovered from Johnson's body were fired from the same gun, and that at least one bullet was a hollow point bullet. The petitioner was convicted by a Superior Court jury in November, 1976, and then sentenced to six concurrent terms of life imprisonment without probation or parole.

After various post-trial motions had been denied by the Superior Court, the petitioner appealed his conviction and sentence to the Delaware Supreme Court. The Supreme Court affirmed his conviction and sentence. *Saunders v. State*, 401 A.2d 629 (Del.1979). The petitioner then filed a number of motions for post-conviction relief. He also filed a petition for habeas corpus relief in federal court; the petition was denied. *Saunders v. Redman*, No. 79–303–WKS, slip op. (D.Del. Oct. 24, 1979). During one State post-conviction proceeding, the State Supreme Court ruled that though the petitioner had been erroneously sentenced to six concurrent terms as a habitual offender, the error was harmless as the petitioner's murder conviction had required life imprisonment without parole. *Saunders v. State*, 602 A.2d 623 (Del.1984). The petitioner was duly resentenced.

In 1989, the petitioner filed a second petition for habeas corpus, alleging all of the grounds alleged in this petition with the exception of the fourth ground (raised for the first time here). During the proceedings, the Court appointed an attorney, Michael Modica, to represent the petitioner. The petitioner urged Modica to press the three claims raised in his petition that are also raised in this petition, however, Modica chose to abandon the claims and focus instead on obtaining relief on the ground that the prosecutor had improperly vouched for the credibility of Davis, who had testified against the petitioner at trial. The petitioner also wrote the district judge in that case to object to Modica's action; however, the judge refused to consider the petitioner's complaint as he was being represented by Modica.

DISCUSSION

 Under Habeas Corpus Rule 9(b) abuse of the writ doctrine, a federal court cannot entertain a subsequent habeas corpus petition:

> unless [it] is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the [federal] court ... is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

*Wise v. Fulcomer*, 958 F.2d 30, 33 (3d Cir. 1992) (quoting 28 U.S.C. § 2244(b)). Claims which could have been raised in a prior petition may not be raised on a subsequent petition unless the petitioner can show "cause and prejudice." *McCleskey v. Zant*, — U.S.

——, ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517, 544 (1991). Finally, courts may apply the abuse of the writ doctrine before considering whether particular claims have been exhausted at the state level. *Wise,* 958 F.2d at 35.

 The petitioner cannot establish "cause" for failing to litigate fully the first three issues in his 1989 habeas corpus action. All three of these claims were initially raised in the petition and subsequently abandoned for strategic reasons. There is no indication that Modica's decision was unreasonable or ill-advised, or that external objective factors impeded his efforts to litigate the petition and forced him to abandon the claims. The Court also notes that there is no reason to believe that the petitioner was probably innocent of the crimes for which he was convicted.

In *Harper v. Nix,* 867 F.2d 455 (8th Cir. 1989), the Eighth Circuit reached the same conclusion on facts remarkably similar to those in this case. The petitioner, Harper, had filed several claims for habeas relief in federal district court. The district court appointed counsel, who decided to drop all claims except one relating to ineffective assistance of counsel. Harper wrote the district court that his attorney had abandoned the claims without his consent, but the district court nonetheless denied the petition. When Harper filed a subsequent petition asserting the previously abandoned grounds, the district court dismissed the petition as an abuse of the writ. The Court of appeals affirmed the district court's judgment, holding that the petitioner had not shown "cause" for his default.

 As to the remaining claim, which was not initially raised in the 1979 habeas corpus petition or later in the 1989 petition, the Court concludes that it should have been raised in an earlier petition. This claim, concerning the allegedly prejudicial remarks made by the prosecutor and defense counsel, is precisely the type of claim that should have been raised in the original 1979 habeas corpus petition. The state courts had addressed these claims and rejected them; as such, it should have been apparent to the petitioner and/or his attorneys that the claim could have been litigated in federal court. The Court can only conclude that the petitioner either deliberately withheld the issue from federal court or inexcusably neglected to bring the issue to the district court's attention. Furthermore, to the extent the petitioner raised aspects of this claim in state court proceedings after 1979, the Court concludes that these aspects of the claim should have been raised in the 1989 petition. Accordingly, as the petitioner has not shown any reason to excuse his default, such as the existence of external objective factors which prevented him from raising the claim, there is no "cause and prejudice" for the default and the claim will be dismissed.

The Court will issue an Order in accordance with this Opinion.