Kenneth W. DeSHIELDS, Petitioner,

v.

Robert SNYDER, Warden, Delaware
Correctional Center,
Respondent.

Civ. A. No. 93–419–JJF.

United States District Court,
D. Delaware.

Aug. 30, 1993.

**820**

Kevin M. Howard and Gary F. Traynor, of Prickett Jones Elliott Kristol & Schnee, Dover, DE, for petitioner.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Loren C. Meyers, and Paul R. Wallace, Deputy Attys. Gen., Dept. of Justice, Wilmington, DE, for respondent.

## OPINION

FARNAN, District Judge.

Presently before the Court is a Motion for Stay of Execution filed by Kenneth De-Shields ("DeShields") in this second habeas corpus case filed pursuant to 28 U.S.C. § 2254 where he also requested, *inter alia*, that he be permitted to proceed without payment of costs or fees. For the reasons stated herein, DeShields' request to proceed without payment of costs or fees will be granted, the Motion for a Stay of Execution will be denied, and the habeas petition will be dismissed as lacking merit.

### I. FACTUAL BACKGROUND [1]

On July 26, 1993 DeShields filed a petition for post-conviction relief pursuant to 28

---

1. For a thorough statement of the facts see *De-Shields v. State*, 534 A.2d 630, 632–34 (Del.Supr. 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 217 (1988) (hereinafter

U.S.C. § 2254, a Motion for a Stay of Execution and a Motion to Proceed In Forma Pauperis. In an Opinion entered on July 31, 1993, 829 F.Supp. 676, this Court granted DeShields' Motion to Proceed In Forma Pauperis, denied the Motion for a Stay of Execution, and dismissed the Petition for Habeas Corpus on the merits. On August 1, 1993, DeShields filed an appeal of this Court's dismissal of his petition with the United States Court of Appeals for the Third Circuit. On August 2, 1993, the Third Circuit granted a stay of the execution for an indefinite period. In an opinion entered August 9, 1993, the Third Circuit lifted the stay and dismissed the petition. *DeShields v. Snyder*, C.A. No. 93-9001 (3d Cir. August 9, 1993) (*per curiam*). The Superior Court subsequently set an execution date for August 31, 1993. DeShields has now filed this second petition seeking a writ of habeas corpus along with another Motion for Stay of Execution. Because the Court finds no merit to the habeas petition, the Court will deny the Motion for a Stay of Execution.

## II. DISCUSSION

■ In this second habeas petition, DeShields alleges that his trial counsel prior to and during the penalty phase of his trial were constitutionally ineffective. Prior to considering the merits of this contention, the Court must be satisfied that DeShields has fairly presented this claim in the state courts and that no procedural default bars federal review. *Rose v. Lundy*, 455 U.S. 509, 518–22, 102 S.Ct. 1198, 1203–05, 71 L.Ed.2d 379 (1982); *Bond v. Fulcomer*, 864 F.2d 306, 309–11 (3d Cir.1989); *Deputy v. Taylor*, C.A. No. 93–387–LON (August 17, 1993); *accord Bailey v. Snyder*, 826 F.Supp. 804 (1993).

### A. Exhaustion [2]

Specifically DeShields alleges in this second habeas petition that "Petitioner's counsel

were ineffective because they failed to humanize him in the eyes of the jury both through testimony and argument during the penalty phase." (D.I. 1 at ¶ 37). A similar allegation of ineffectiveness of counsel was raised in the state courts during DeShields' Rule 61 post-conviction proceedings. The state trial court concluded that this contention was not supported by the record. *State v. DeShields*, Del.Super. IS84–08–0075R1, 1075R1, 1275R1, and 2075R1 Ridgely, P.J., 1992 WL 245582 (August 17, 1992 Memorandum Opinion). The Delaware Supreme Court affirmed the Superior Court's denial of this claim for relief. *DeShields v. State*, 628 A.2d 83 (Table) (1993) (en banc).

DeShields contends that this claim has been exhausted. A review and comparison of the arguments raised before the state courts and before this Court, however, convinces this Court that this claim has not been exhausted. The claims presented in DeShields' Rule 61 Motion related to DeShields' contention that his trial counsel failed to apprise DeShields of his right to address the jury during the penalty phase of his trial and of the need and importance in his doing so. DeShields' present allegations relate to the alleged failure of his trial counsel to present evidence in mitigation of his crime during the penalty phase of trial. Specifically, DeShields cites several witnesses that his trial counsel should have called including psychologists, counselors, a psychiatric social worker, an activity therapist, his probation officer, and a correctional officer. In addition, DeShields cites other alleged evidence that should have been offered relating to DeShields' childhood, mental capabilities, level of education, his status as the parent of two children, his record of good behavior from prior stays in correctional institutions, and an explanation of the detailed circumstances surrounding his prior conviction for escape. DeShields contends that his claim of ineffec-

---

"*DeShields I*") and *State v. DeShields*, IS84–08–0075R1, 1075R1, 1275R1 and 2075R1 Memorandum Opinion August 17, 1992, 1992 WL 245582 (hereinafter "*DeShields II*").

2. The Court is aware that the Court of Appeals for the Third Circuit has held that a district court should consider a well-pleaded abuse of writ

defense prior to reaching the issue of exhaustion, so as to avoid unnecessary inquiry into state court remedies. *Wise v. Fulcomer*, 958 F.2d 30, 34–35 (3d Cir.1992). However, the extraordinary procedural and temporal posture of this case warrants consideration of all possible issues at this time.

tiveness is further supported by the fact that his trial counsel billed less than two hours for preparation of penalty phase witnesses.

In a habeas review, it is the petitioner that bears the burden of establishing that exhaustion has been satisfied. *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir.), *cert. denied*, 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990) (citing *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir.1982), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983)). In order to satisfy the exhaustion requirement, a petitioner must show that the subject claim has been fairly presented to the state courts which, in this context, requires the presentation of a substantially equivalent claim. *Id.* (citations omitted). In order for a claim to be considered substantially equivalent, both the legal theory and the facts upon which the petitioner relies must have been presented to the state court. *Id.* at 669 (citations omitted). Only by assuring that the facts and legal theories have been fairly presented to the state court can the underlying goal of comity between the state and federal systems be maintained.

While the claims raised in DeShields' Rule 61 Motion and in the present habeas petition are both characterized as ineffectiveness of trial counsel in failing to "humanize" DeShields, the underlying allegations supporting the claims are vastly different. Therefore, the Court concludes that the claim presented in this second habeas petition was not exhausted in the state courts.

However, even if the Court were to dismiss the instant petition for failure to exhaust, and DeShields returned to state court in an effort to exhaust the instant claim, it appears that Delaware Superior Court Criminal Rules 61(i)(2) and 61(i)(3) would bar DeShields from raising the claim in the state courts. *See State v. DeShields*, Del.Super. IS84–08–0075R2, 1075R2, 1275R2, and 2075R2 Ridgely, P.J., at 7, 1993 WL 376417 (August 1, 1993 Memorandum Opinion). Thus, under the state procedural default doctrine, federal review of DeShields' claim is probably unavailable in any event, unless he is able to demonstrate cause for the state procedural default and prejudice

resulting from his failure to present the claim to the state courts. *Coleman v. Thompson*, — U.S. ——, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Bond v. Fulcomer*, 864 F.2d 306, 311–12 (3d Cir.1989). As the Court concludes below in its discussion of the "abuse of the writ" defense asserted by the State, DeShields has not adequately demonstrated cause and prejudice to overcome his state procedural default, and thus, the Court is precluded from considering DeShields' new ineffectiveness of counsel claim both for a lack of exhaustion and ultimately because of the state procedural default.

### B. Abuse of Writ

The State argues for the dismissal of the instant petition on the grounds that this second petition constitutes an "abuse of the writ" because it raises grounds that could and should have been raised in DeShields' first habeas petition. DeShields argues that this second petition should be considered by the Court because the claim is predicated upon grounds not asserted in DeShields' first petition, and that these purported new grounds were not "deliberately" withheld from the earlier application. (D.I. 1 at ¶ 28)

In *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the United States Supreme Court clarified the principles governing the abuse of the writ doctrine. Under *McCleskey*, a respondent satisfies his burden of pleading abuse of the writ "if with clarity and particularity, it notes petitioner's prior writ history, identifies the claim that appears for the first time and alleges that petitioner has abused the writ." *Id.*, at ——, 111 S.Ct. at 1470.

Under the Supreme Court's *McCleskey* decision a petitioner may disprove abuse of the writ by showing that the failure to include a claim in a prior petition now presented in the successive petition did not result from inexcusable neglect. In order to disprove abuse of the writ and inexcusable neglect, a habeas petitioner must show cause for failing to raise the new claim in his prior petition and "[o]nce he has established cause, he must show 'actual prejudice resulting from the errors of which he complains.'"

*Id.,* at ——, 111 S.Ct. at 1470 (quoting *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). Therefore, the cause and prejudice analysis applicable to state procedural default issues also applies in the abuse of the writ context. *Id.* ("To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions.").

"To show cause, a petitioner must establish that 'some external impediment' prevented him from raising the claim in an earlier habeas corpus petition." *Wise v. Fulcomer,* 958 F.2d 30, 34 (3d Cir.1992) (quoting *McCleskey,* 499 U.S. at ——, 111 S.Ct. at 1472). Examples of external impediments which have been found to constitute cause in the procedural default context and which apparently would be applicable to the cause analysis in the abuse of writ context, include "interference by officials", "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or to petitioner, and "constitutionally ineffective assistance of counsel." *McCleskey,* 499 U.S. at ——, 111 S.Ct. at 1470 (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

An analysis of cause and prejudice does not end the inquiry under Rule 9(b) of the Rules Governing Section 2254 Cases. "If [DeShields] cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he ... can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* Therefore, even in the context of abuse of the writ, the Court may find it necessary to address the merits of the petition.

The Court finds that in this case the State has sufficiently pled abuse of the writ. The State has shown the relevant writ history. The State has also adequately alleged that DeShields did not present this new ineffective assistance of counsel claim for relief in his previous petition for a writ of habeas corpus. Finally, the State has adequately alleged that DeShields has abused the writ.

In anticipation of the State's assertion of the defense of "abuse of the writ," DeShields, in his petition, alleged cause in an effort to disprove that he is abusing the writ by filing the instant petition. In an attempt to excuse his failure to raise the present ineffectiveness of counsel claim ground in his previous petition, DeShields states:

The "cause" for not explicitly stating this claim in the Petitioner's original habeas petition can be found in the nature of that petition[3] and the manner of its disposition. In that petition, the petitioner requested that the court schedule an evidentiary hearing and establish a briefing schedule ostensibly for the purpose of fully developing, *inter alia,* the ineffective assistance of counsel claim as it related to the penalty hearing. Had that course been followed, the claim stated in this petition would have been fleshed out and, to the extent deemed lacking, it would have been subject to amendment. In this regard, the unique circumstances surrounding the filing of the original petition, including the absence of the Petitioner's counsel because of military orders and the Respondent's unprecedented response, should be taken into account.

(D.I. 1, at ¶ 34).

Thus, DeShields' alleged cause for his failure to raise the present ineffective assistance claim in his first habeas petition is apparently centered on the prompt disposition of his first habeas petition without an evidentiary hearing. However, it must be noted that under the Rules Governing Section 2254 Cases, an evidentiary hearing and the opportunity to brief issues in order to "flesh out" all of the claims are not matters of right, but arise only upon the Court's determination that justice requires further inquiry and development. It is the petitioner's burden to establish that an evidentiary hearing is warranted. *See* Rules 2(c), 4, 6(a); *Mayberry v. Petsock,* 821 F.2d 179, 185 (3d Cir.), *cert. denied,* 484 U.S. 946, 108 S.Ct. 336, 98

---

**3.** As noted by the Supreme Court in *McCleskey,* "In habeas, equity recognizes that 'a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.'" *499 U.S. at* ——, 111 S.Ct. at 1468 (citation omitted).

L.Ed.2d 362 (1987). A skeletal and conclusory petition, such as DeShields' first habeas petition, is not the appropriate vehicle to obtain extraordinary procedures such as an evidentiary hearing and briefing. *See* Rules 2(c), 4 of the Rules Governing Section 2254 Cases ("The petition ... shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."); *Mayberry,* 821 F.2d at 185 ("bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing"). In federal habeas proceedings, a court is not empowered to speculate about claims that have not been "fleshed out," but can only address claims that have been clearly presented in the petition in accordance with federal rules governing habeas practice.

Moreover, a lack of time to develop theories or for counsel to become familiarized with the case does not necessarily serve as a basis for establishing the cause necessary to overcome an "abuse of the writ" defense. In *Antone v. Dugger,* 465 U.S. 200, 205–06 & n. 4, 104 S.Ct. 962, 964–65 & n. 4, 79 L.Ed.2d 147 (1984) (per curiam) the Supreme Court "rejected petitioner's argument that he should be excused from his failure to raise the claims in the first federal petition because his counsel during first federal habeas prepared the petition in haste and did not have time to become familiar with the case." *McCleskey,* 499 U.S. at ——, 111 S.Ct. at 1467.

The practical question that DeShields must now address is whether he could have raised the present ineffective assistance of counsel claim in his first petition. "Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey,* 499 U.S. at ——, 111 S.Ct. at 1468. Certainly, in this case, where DeShields' present counsel represented DeShields throughout his state post-conviction proceedings, it is not unreasonable to find that DeShields should have presented the present claim of ineffective assistance of counsel in his first habeas petition.

But, even assuming that the Court were to find that DeShields met the first prong of the test to avoid the Respondent's abuse of the writ claim, the Court finds that DeShields cannot establish the requisite prejudice element. With regard to the prejudice element, DeShields states: "The prejudice resulting from the challenged violation of his Sixth Amendment rights is evident ... in that, had his trial counsel effectively pursued and presented 'humanizing' evidence during the penalty hearing, the Petitioner might not have been sentenced to death." (D.I. 1, at ¶ 35). As the Court concludes below in its discussion of the merits of DeShields' ineffective assistance of counsel claim, DeShields' claim of prejudice is without merit.

### C. Ineffective Assistance of Counsel

To be successful in establishing a claim of ineffective assistance of counsel, a petitioner must establish that his attorney's representation fell below an objective standard of reasonableness and, had the attorney not failed in the representation of the client, there is a reasonable probability that the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). To satisfy the first prong of *Strickland,* a petitioner must show that errors were made which were so serious as to deprive the petitioner of counsel as guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064. In making its determination, a court is to look to the totality of the circumstances. *Id.* at 694, 104 S.Ct. at 2068. On review, the Court is to presume that the attorney's conduct falls within the realm of objective reasonableness and it is the burden of the Petitioner to show otherwise. *Id.* at 689, 104 S.Ct. at 2065.

DeShields contends that his trial counsel was ineffective at the penalty phase for failing to "humanize" DeShields in the minds of the jurors. The Court construes this claim of ineffectiveness as the failure of trial counsel to present additional evidence in mitigation of the state's evidence. DeShields offers

four categories of witnesses and evidence that would have "further humanized the defendant in the eyes of the jury by providing jury members with a current psychiatric and psychological profile which could have been compared against earlier opinions of mental health professionals."

DeShields' first category of such evidence relates to his being raised in a troubled and unstable environment during his formative years. The proposed witnesses and evidence in this regard include Dr. Malvin Gelof, Ph.D. (D.I. 1, Exhibit A 1–3), Rajan Kapur, M.D. (D.I. 1, Exhibit B 9–16), and reports from staff at the Governor Bacon Health Center (D.I. 1, Exhibit B 1–9).

DeShields' second category of evidence concerns his diminished mental capacity and his education. Witnesses in this category include Vivian Derrickson, Clinical Psychologist, (D.I. 1, Exhibit C 1–2), and DeShields' teachers and report cards (D.I. 1, Exhibit F 1–14).

DeShields' third category of proposed evidence concerns his positive personality traits and his record of good behavior during his incarceration. (D.I. 1, Exhibits E and H).

DeShields' fourth category of proposed evidence relates to the matter of his prior conviction for escape. (D.I. 1, Exhibit I). In this claim, DeShields contends that his trial counsel was ineffective in failing to address and explain the details surrounding his prior conviction for escape. DeShields contends that the conviction resulted from a technical violation of his work release status. DeShields claims that his trial counsel should have called the attorney who represented him in that matter to explain the technical nature of the conviction.

### 1. Reasonableness

After considering all of the proposed evidence and DeShields' arguments, the Court concludes that the failure of DeShields' trial counsel to present the above cited evidence during the penalty phase of DeShields' trial was not objectively unreasonable. The determination of what evidence to present in a penalty phase hearing is a strategic decision. *See Burger v. Kemp*, 483 U.S. 776, 790–95, 107 S.Ct. 3114, 3123–26, 97 L.Ed.2d 638 (1987); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 299–300 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991). The choice of whether to present evidence relating to a defendant's family life, childhood, or his past behavior necessarily entails consideration of the potential negative impact that such evidence can have as well. In considering the evidence that DeShields now claims his trial counsel should have presented, the Court concludes that trial counsel could reasonably determine that the potential negative impact of that evidence outweighed any possible benefit to the defendant.[4]

### 2. Reasonable Likelihood of a Different Outcome

Moreover, assuming *arguendo* that DeShields could establish that his trial counsel acted unreasonably, the Court concludes that there is no reasonable likelihood that the outcome of his penalty phase hearing would have been different. As found by this Court in the disposition of DeShields' first habeas petition, the evidence of aggravating circumstances introduced by the state was overwhelming. Under these circumstances, the Court is persuaded that it is very probable that the negative impact of the evidence that DeShields now contends should have been offered during the penalty phase would have been substantial. For example, much of the evidence relating to DeShields' childhood would have opened the door for the prosecution to offer evidence of his extensive juvenile criminal record. As for DeShields' claim that trial counsel was ineffective in failing to accentuate his positive personality traits, it is undisputed that his counsel did present eight witnesses who testified about those very issues. *See DeShields II* at 13.

---

**4.** DeShields has requested an evidentiary hearing with regard to this matter because he contends there have been insufficient state court findings with respect to this issue. However, DeShields fails to provide any cause for his failure to develop and present to the state courts the facts now argued in this Court. Absent a demonstration of cause for his failure to present these facts to the state courts, this Court cannot grant an evidentiary hearing on this matter. *Keeney v. Tamayo-Reyes*, —— U.S. ——, —— – ——, 112 S.Ct. 1715, 1719–21, 118 L.Ed.2d 318 (1992).

826

Considering the difficulty every defense attorney in a capital murder case trial must confront during a penalty hearing and the weighing of the positive and negative impact of available evidence that must occur, the Court is persuaded that DeShields' trial counsel cannot be held to have acted objectively unreasonably in their presentation of evidence during the penalty phase. Further, the Court is convinced that the strong evidence available to the prosecution both with regard to the crime itself and the aggravating circumstances would not have been significantly affected in the jurors' minds by the presentation of the evidence cited by DeShields in these proceedings. Thus, the Court concludes that DeShields has not established that prejudice resulted from the failure of his trial counsel to offer the now described "humanizing" evidence.

### III. CONCLUSION

For the reasons discussed, the Court concludes DeShields' Petition for habeas relief filed pursuant to 28 U.S.C. § 2254 should be dismissed because (1) DeShields has failed to exhaust his state remedies, (2) the filing of this second habeas petition constitutes an abuse of the writ, and (3) the petition lacks merit. Further, DeShields' Motion for a Stay of Execution will be denied because the Court concludes there exists no serious legal issue asserted in DeShields' Petition. The Court will grant Petitioner's request to proceed without payment of costs or fees.

An appropriate Order will be entered consistent with this Opinion.