Kenneth W. DeSHIELDS, Petitioner,

v.

Robert SNYDER, Warden, Delaware
Correctional Center,
Respondent.

Civ. A. No. 93–420–JJF.

United States District Court,
D. Delaware.

Aug. 30, 1993.

Kevin M. Howard, and Gary F. Traynor, of Prickett Jones Elliott Kristol & Schnee, Dover, DE, for petitioner.

Richard E. Fairbanks, Jr., Chief of Appeals Div., and Loren C. Meyers, and Paul R. Wallace, Deputy Attys. Gen., Dept. of Justice, Wilmington, DE, for respondent.

## OPINION

FARNAN, District Judge.

Presently before the Court is Petitioner's third petition for a writ of habeas corpus and a Motion for Stay of Execution.

Petitioner seeks a writ of habeas corpus on the grounds that Richard E. Fairbanks, Chief of the Appeals Division for the State Department of Justice, and the lead counsel representing the State of Delaware in both the state and federal post-conviction appellate proceedings, served as Petitioner's defense counsel for the charge of escape in 1982. Petitioner's conviction for the 1982 escape was used as a non-statutory aggravating circumstance in DeShields' capital penalty phase hearing in this case. Petitioner claims that Mr. Fairbanks' 1982 representation of him constituted a conflict of interest and violated his rights to due process under the Fourteenth Amendment with regard to his 1986 murder convictions which are the subject of this petition.

Petitioner presented this claim to the Superior Court of the State of Delaware in and for Sussex County. On August 29, 1993 the Superior Court of the State of Delaware in and for Sussex County summarily dismissed Petitioner's motion for state postconviction relief on the grounds that it was barred by Superior Court Criminal Rules 61(i)(1), 61(i)(2), 61(i)(3). *State v. DeShields,* IS84–08–0075R3, 1075R3, 1275R3, and 2075R3, Memorandum Opinion, Ridgely, P.J. (Del.Super. August 29, 1993). On August 30, 1993 the Supreme Court for the State of Delaware summarily affirmed the Superior Court's denial of Petitioner's state postconviction motion. *DeShields v. State,* No. 317,1993, Order (Del. August 30, 1993) (en banc).

■ As this is Petitioner's third petition, and the State has adequately pled abuse of the writ, the Court must first consider whether the present federal habeas petition constitutes abuse of the writ. *Wise v. Fulcomer,* 958 F.2d 30, 34 (3d Cir.1992). Under the Supreme Court's decision in *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), a petitioner may disprove abuse of the writ by showing that the failure to include a claim in a prior petition now presented in the successive petition did not result from inexcusable neglect. In order to disprove abuse of the writ and inexcusable neglect, a habeas petitioner must show cause for failing to raise the new claim in his prior petition and "[o]nce he has established cause,

he must show 'actual prejudice resulting from the errors of which he complains.' " *Id.* 499 U.S. at ——, 111 S.Ct. at 1470 (quoting *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). Under the adequate and independent state procedural default doctrine, federal review of Petitioner's claim is barred unless he can demonstrate cause and prejudice, or a miscarriage of justice, *Bond v. Fulcomer,* 864 F.2d 306, 311–12 (3d Cir.1989). The cause and prejudice analysis applicable in the abuse of the writ context also applies in the state procedural default context. *McCleskey,* 499 U.S. at ——, 111 S.Ct. at 1470 ("To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions."). Thus, the Court will concurrently discuss cause and prejudice with regard to both the abuse of the writ and state procedural default issues.

**Cause**

■ Petitioner alleges that cause exists because Mr. Fairbanks failed to disclose the alleged conflict of interest and Petitioner's counsel only learned of the alleged conflict of interest on August 24, 1993. The Petitioner himself, however, knew or should have known that Mr. Fairbanks served as his defense attorney at the time of his prosecution for escape in 1982 and knew or should have known that Mr. Fairbanks was prosecuting Petitioner's appeal on behalf of the State throughout the post-conviction proceedings in this case. The Court notes that Mr. Fairbanks appeared at the November 22, 1991 Rule 61 hearing before Judge Ridgely. The Petitioner was present and testified at that hearing. Thus, Petitioner could have presented this claim in his Rule 61 Motion.

Petitioner's counsel also had access to public records relating to the escape conviction, and thus, through the exercise of diligent investigation could have learned of the alleged conflict in sufficient time to present this claim to the state courts during Petitioner's initial state post-conviction review. On this record, the Court finds that Petitioner

has failed to establish the requisite cause to excuse his state procedural default.

**Prejudice**

■ Even supposing that Petitioner had satisfied the cause element, the Court concludes, for the following reasons, that Petitioner would not be able to satisfy the prejudice element. A determination of whether Petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated requires consideration of whether the 1982 conviction for escape and the 1986 prosecution for first degree murder had a substantial relationship to one another. *Havens v. State of Indiana*, 793 F.2d 143, 144–45 (7th Cir.1986); *United States v. Bolton*, 905 F.2d 319 (10th Cir.1990). As in *Havens*, the earlier conviction was unrelated to the present conviction under consideration in this habeas petition. No evidence elicited at DeShields' trial was based upon confidential information from him during the 1982 representation. All the information adduced at the penalty phase hearing was available in public records. The information regarding the conviction for escape that was presented to the jury during the penalty phase was based wholly upon the testimony of Garland Messick and the records of the State of Delaware Department of Corrections. *See* Transcript of Penalty Hearing at 36–39. Petitioner has not shown that anything in the present record was obtained from or as a result of the attorney-client relationship. Mr. Fairbanks admitted in his affidavit, (*See* D.I. 1, Exhibit C), that while he had engaged in conversations with the trial counsel during Petitioner's trial, those conversations related to legal questions. Mr. Fairbanks stated the following in his affidavit:

> To the best of my recollection, I occasionally discussed, before and during the trial of DeShields, aspects of the case with then-Chief Deputy Attorney General Bartholomew Dalton. The only conversation with Dalton I more particularly recall was the applicability of 11 *Del.C.* § 3901(d), dealing with consecutive sentences of imprisonment, to multiple death sentences. As I recall, my advice to Dalton was that section 3901(d) only precluded concurrent sentences of imprisonment, and there was no statutory bar to concurrent sentences of death. To the best of my recollection, any other assistance Dalton obtained from prosecutors in the Appeals Division was provided by Loren Meyers, a Deputy Attorney General assigned to the Appeals Division.

D.I. 1, Exhibit C. In addition, it should be noted that the entire discussion of the 1982 conviction for escape comprises little more than three pages of the entire transcript of the penalty phase hearing.

Considering that the jury unanimously found three statutory aggravating circumstances, and that this Court has already ruled that the aggravating circumstances overwhelmingly outweighed the mitigating circumstances, *DeShields v. Snyder*, 830 F.Supp. 819, 825–26 (D.Del.1993), the Court finds that the Petitioner has failed to establish the requisite prejudice to overcome his state procedural default. For the same reasons, the Court finds that this third federal habeas petition constitutes an abuse of the writ. For both reasons, the petition must, therefore, be dismissed.[1]

---

1. Petitioner has requested an evidentiary hearing "at which proof may be offered concerning the allegations of this petition, including the testimony of experts and Petitioner's trial counsel." D.I. 1 at ¶ 15. Because this Court holds that Petitioner's claim is procedurally barred and is an abuse of the writ, this Court, in its discretion, finds that there is no need for an evidentiary hearing. *See* Rule 8 of the Rules Governing Section 2254 Cases; *Wise v. Fulcomer*, 958 F.2d 30, 34 n. 8 (3d Cir.1992). *See also Darden v. Dugger*, 825 F.2d 287 (11th Cir.), *cert. denied*, 485 U.S. 943, 108 S.Ct. 1125, 99 L.Ed.2d 285 (1987).