**Jeffrey Alonzo SIMMS, Petitioner,**

v.

**Thomas L. CARROLL, Warden, Respondent.**

**No. CIV.05–593 SLR.**

United States District Court, D. Delaware.

June 2, 2006.

Jeffrey Alonzo Simms, Smyrna, DE, Pro se petitioner.

Loren Meyers. Chief of Appeals Division, Delaware Department of Justice, Wilmington, DE, for Respondent.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

Currently before the court is petitioner Jeffrey Alonzo Simms' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) Petitioner is in cus-

tody at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. For the reasons that follow, the court will deny his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2002, petitioner entered the house of his former girlfriend and assaulted her in front of a young family member. In August 2002, a grand jury indicted petitioner and charged him with second degree burglary, third degree assault, endangering the welfare of a child, and criminal mischief. A Delaware Superior Court jury convicted petitioner in February 2003 of second degree burglary, offensive touching (as a lesser included offense of third degree assault), endangering the welfare of a child, and criminal mischief. The Superior Court sentenced petitioner to eight years imprisonment for the burglary conviction and to a total of an additional fourteen months imprisonment on the other three convictions, to be suspended for fourteen months probation. The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Simms v. State*, 840 A.2d 642, 2003 WL 23162424 (Del.2003).

## III. STANDARD OF REVIEW

 Federal habeas petitioners must satisfy a heightened pleading requirement by stating all grounds for relief available to them and setting out in summary fashion the facts underlying each claim for relief. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994); Rule 2(c) of the Rules Governing Section 2254 Petitions, 28 U.S.C. foll. § 2254. "[B]ald assertions and conclusory allegations" do not provide a court with sufficient information to permit a proper

assessment of habeas claims, and a habeas court cannot speculate about claims. *See Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir.1987); *DeShields v. Snyder*, 830 F.Supp. 819, 823–24 (D.Del.1993).

## IV. DISCUSSION

 Petitioner's application and supplemental filing appear to assert one claim, namely, that the court should "exonerate" his sentence because he is falsely imprisoned pursuant to an unidentified state statute that is unconstitutionally vague. (D.I. 2; D.I. 7) The State contends that petitioner's application should be dismissed for failing to state "any claim for relief." (D.I. 14)

 The court acknowledges its duty to liberally construe petitioner's pro se filings. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir.1998). Nevertheless, the court will dismiss petitioner's application because he has failed to provide any facts to support or explain his vague and conclusory allegation that he is "falsely imprisoned" pursuant to a "constitutionally vague statute." Specifically, petitioner does not identify the "constitutionally vague statute," nor does he explain the facts behind his alleged false imprisonment. The court notes that petitioner filed a copy of a state court motion for post-conviction relief that he presumably filed in state court. (D.I. 4) However, this state court motion fails to assist the court in determining the basis of his federal habeas claim because the state motion appears to allege an unrelated ineffective assistance of counsel claim and a claim that a police officer committed perjury.[1] The court even reviewed petitioner's

---

1. Although petitioner fails to explain why he filed copies of his state court motion, the court presumes that he has done so to demonstrate his attempt to exhaust state remedies.

brief from his direct appeal in an attempt to ascertain the facts behind his habeas claim, but, once again, the single claim raised on direct appeal bears no resemblance to the claim alleged in petitioner's application.

Finally, even though the State's answer identifies the deficiency in petitioner's pleading, and petitioner filed a response to that answer, his response fails to provide any factual support for his claim. Instead, petitioner's response merely asserts an entirely new and unrelated allegation that he has been denied medical treatment in prison; this claim challenges a condition of his confinement, which does not assert a proper basis for federal habeas review. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Accordingly, the court will dismiss petitioner's application.

## V. CERTIFICATE OF APPEALABILITY

█ When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

The court concludes that petitioner's § 2254 application fails to warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable.

Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order will issue.

## ORDER

At Wilmington this 2d day of June 2006, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Jeffrey Alonzo Simms' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.2)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

---

The court does not interpret petitioner's filing of the state court motion in this court as an attempt to amend his pending application, because the motion is clearly titled for the Superior Court of Sussex County.