**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JACK EUGENE METZGER, JR.,

     Defendant - Appellant.

No. 00-5055

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 99-CR-138-C)**

---

Submitted on the briefs:[*]

Stephen J. Knorr, Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

Stephen C. Lewis, United States Attorney, and Scott Woodward, Assistant U.S. Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

We consider whether a "bodily injury" enhancement may be applied pursuant to United States Sentencing Guidelines § 2B3.1(b)(3)(B) to increase a defendant's sentence where the relevant injury was inflicted by a police officer. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we conclude that a sentence enhancement under these circumstances is appropriate.

**I**

Defendant-appellant Jack Eugene Metzger, Jr. was convicted of robbing a police credit union in Tulsa, Oklahoma in violation of 18 U.S.C. § 2113(a). On appeal, Metzger argues that the district court improperly enhanced his sentence by four levels under U.S.S.G. § 2B3.1(b)(3)(B) for causing serious bodily injury to a victim.

On August 31, 1999, Metzger entered the Fraternal Order of Police Credit Union and handed a teller a note that read: "[G]ive me your money, no dye pack or I will be back. Thank you." (II R. at 4.) Shortly after Metzger received $865 from the teller and left the bank, a uniformed police officer, L.L. Edwards, who was transacting personal business in the bank, learned of the robbery. Having been mistakenly told that the perpetrator was still in the parking lot in a blue vehicle, Edwards went out to the parking lot and approached a blue car with a single occupant. When the driver began to reach for the floor of the car and then to drive away, Edwards, believing the driver was reaching for a gun, fired a shot

at the car.  His shot hit Jamie Myers, a bank customer and innocent bystander, in the shoulder.  Meanwhile, Metzger had pedaled away on a bicycle.

## II

Because the facts of Metzger's underlying conviction are undisputed, we review the district court's application of § 2B3.1(b)(3)(B) of the Sentencing Guidelines de novo.  See United States v. Fisher, 132 F.3d 1327, 1328 (10th Cir. 1997).  U.S.S.G. § 2B3.1(b)(3)(B) requires a sentencing court to "increase the offense level" by four levels if "any victim" sustained "serious bodily injury."  Metzger contends that a four-level enhancement for Myers's injury was improper because her injury was not a reasonably foreseeable result of his criminal conduct.[1]

Pursuant to U.S.S.G. §§ 1B1.3(a)(1)(A) and (a)(3), Myers's injury is attributable to Metzger's conduct if it is "harm that resulted from the acts and omissions" that were "committed, . . . induced, procured, or willfully caused" by Metzger.  Courts interpreting the "resulted from" language of U.S.S.G. § 1B1.3(a)(3) have allowed increased sentences for harms that were a "reasonably foreseeable" consequence of a defendant's conduct.  United States v. Molina, 106 F.3d 1118, 1124-25 (2d Cir. 1997) (upholding a U.S.S.G.

---

[1]  Metzger does not dispute that Myers was a "victim" of the robbery for the purposes of U.S.S.G. § 2B3.1(b)(3)(B).  He likewise concedes that she suffered "serious bodily injury" as contemplated by that provision.

§ 2B3.1(b)(3)(B) enhancement because the shooting of a bystander by a security guard was "reasonably foreseeable" pursuant to U.S.S.G. § 1B1.3(a)(3)); see also United States v. Passmore, No. 97-4781, 1998 WL 746866, at *2 (4th Cir. Oct. 26, 1998) (upholding a U.S.S.G. § 2B3.1(b)(3)(A) enhancement because a policeman's injury was "reasonably foreseeable" to the defendant); United States v. Fitzwater, 896 F.2d 1009, 1012 (6th Cir. 1990) (upholding a U.S.S.G. § 2B3.1(b)(3)(A) enhancement because an injury to a bank teller during a robbery was "reasonably foreseeable"); cf. United States v. Walls, 80 F.3d 238, 241-42 (7th Cir. 1996) (upholding an upward departure pursuant to U.S.S.G. § 2K2.1 where a bystander's death was "a foreseeable risk" of the defendant's conduct); United States v. Salazar-Villarreal, 872 F.2d 121, 123 (5th Cir. 1989) (upholding an upward departure pursuant to U.S.S.G. §§ 5K2.1 and 5K2.2 where the defendant's "reckless" flight to avoid capture foreseeably resulted in the accidental death of aliens hiding in defendant's vehicle).

Metzger argues that no one reasonably could have expected an unarmed bank robbery and successful getaway would end in the injury of an innocent bystander at the hands of "an off-duty police officer . . . almost two minutes after the robber[y]." (Appellant's Br. at 7.) This assertion misstates the proper inquiry. Instead of asking whether Metzger could have expected events to unfold in precisely the way they did, we ask more broadly whether it was foreseeable

that, given the inherently dangerous nature of bank robbery, a bystander might be seriously injured during the flight or apprehension of a perpetrator. It is plain that "[t]he violent nature of the offense of bank robbery carries with it the inherent prospect that someone could be injured in the robbery or its aftermath." Passmore, 1998 WL 746866, at *1. In Passmore, on which both parties rely heavily, the court framed the foreseeability inquiry broadly: "It is plainly foreseeable that someone could be hurt during these events," regardless of the precise manner of injury. Id. at *2; see also United States v. Boyd, No. 99-50165, 2000 WL 772710, at *1 (9th Cir. June 14, 2000) ("With regard to bodily injury, the Sentencing Guidelines application notes show that, as a general matter, injury to a victim during a bank robbery is foreseeable to the robber.").

Moreover, Myers's injury was not, as Metzger contends, beyond the "outer limits of foreseeability." (Appellant's Br. at 15.) In Passmore, 1998 WL 746866, at *2, a police officer's injury from stumbling while exiting a car was described as "at the outer limits of foreseeability" only because of the peculiar way in which the specific injury occurred. In holding that the officer's injury was foreseeable, the court stressed that "it should come as no surprise to Passmore that a police officer was hurt in the commotion at the close of [a] high speed chase" subsequent to a bank robbery. Id. In other words, an increased sentence is authorized where a defendant "put into motion a chain of events"

with a "tragic result." Molina, 106 F.3d at 1124-25 (internal quotations and citations omitted). The sentencing court was required under U.S.S.G. § 2B3.1(b)(3)(B) to hold Metzger responsible for the "chain of events" that he "put in motion" with his robbery. Id.

Because Metzger robbed a police credit union, it was foreseeable that a police officer conducting personal business at the bank might pursue Metzger. It was similarly foreseeable that, in a bank robbery, an officer might act on reports from witnesses without taking the time to verify the information. Contrary to Metzger's argument, the fact that he did not use a weapon in the robbery does not remove the use of force by a pursuing police officer from the realm of foreseeability. Not only is a bank robbery inherently threatening, but Metzger's note explicitly threatened retaliation, making it reasonably foreseeable that a police officer might feel the need to use force to apprehend a fleeing robber and that bystanders could be injured in the process.

Metzger's contention that Myers's injury occurred ninety seconds after the robbery was "over" is unavailing. (Appellant's Br. at 12.) Flight and pursuit are links in the "chain of events" set in motion by a bank robbery, Molina, 106 F.3d at 1124 (internal quotation omitted), and an offender assumes their consequences when he undertakes the robbery of a bank, see United States v. Mendola, 807 F. Supp. 1063, 1066-67 (S.D.N.Y. 1992) ("Absconding with the money is a natural

and expected part of the crime" of bank robbery, and "[e]very . . . bank robber knows . . . that others may be injured in [the course of the robber's] flight . . . ."); Passmore, 1998 WL 746866, at *1 ("[A] robbery 'cannot be completed without some form of flight or attempted flight,' so robbery is 'more naturally understood to include the act of fleeing and the immediate consequences of such flight.'" (quoting United States v. Muhammad, 948 F.2d 1449, 1456 (6th Cir. 1991))). A robber may thus be held accountable, for example, for an injury to a victim by a responding police officer even after the robber has driven blocks away toward his home. See Molina, 106 F.3d at 1120.

While Metzger claims that prior cases have allowed the "serious bodily injury" sentence enhancement only in situations involving defendants' or their co-conspirators' use of firearms or "hot pursuit" by police (Appellant's Br. at 7, 12-15), he cites no precedents limiting its application to those circumstances or reversing a "bodily injury" enhancement for lack of foreseeability. A party must support its argument with legal authority, see Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992), and Metzger has failed to do so here. In fact, at least one court has held that an enhancement pursuant to § 2B3.1(b)(3)(B) was warranted for the injury of an innocent bystander even if the bullet which hit the victim came from a security guard's weapon. See Molina, 106 F.3d at 1123-25. We hold that Myers's injury was a reasonably foreseeable result of Metzger's

criminal conduct and that the U.S.S.G. § 2B3.1(b)(3)(B) sentence enhancement was proper.

## III

The judgment of the district court is **AFFIRMED**.