**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ELIZABETH MARZETTE
HOLCOMBE,

    Defendant - Appellant.

No. 02-3441
(D. Kansas)
(D.Ct. No. 02-CR-40057-01-JAR)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Elizabeth Marzette Holcombe pled guilty to credit card fraud, in violation of 15 U.S.C. § 1644(a). She was sentenced to five years probation on condition she be placed on home detention for six months and ordered to pay $27,130.14 in mandatory restitution. On appeal, she contends the district court erred in calculating the restitution amount by failing to deduct the value of the recovered items. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

From July 1997 to July 2000, Holcombe fraudulently obtained credit cards and purchased thousands of dollars worth of merchandise. The victims[1] of the credit card fraud include Saks Fifth Avenue, Target Financial Services, Capitol One, GNB/Stage, Fleet Credit Card Services, GE Credit Card Services, and Providian Financial. Holcombe cooperated with agents of the Federal Bureau of Investigation by identifying numerous items at her residence she purchased with the fraudulently obtained credit cards.[2] The government confiscated those items, but at sentencing had not disposed of them. None were given to the victims. The district court refused to deduct the value of the confiscated goods from the total loss amount because the victims are financial institutions and retailers, which

---

[1]"[T]he term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ." 18 U.S.C. § 3663.

[2]Holcombe used the illegally obtained credit cards to purchase a number consumer goods including several televisions, two computer stands, a paper shredder, a washer, a dryer, an inflatable mattress, jewelry, a jewelry box, a stereo, wine glasses, shoes, a computer, towels, a jacket, a game table, a turkey fryer, and a grill.

were not in the business of selling used consumer goods.

We review factual findings underlying the restitution order for clear error and the amount of restitution for abuse of discretion, *United States v. Nichols*, 169 F.3d 1275, 1278 (10th Cir. 1999), *cert. denied*, 528 U.S. 934 (1999). We also review the restitution order for abuse of discretion as to the form of restitution required.

18 U.S.C. § 3563(a)(6)(A), which is part of The Mandatory Victims Restitution Act of 1996, requires an offender to make restitution in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664 as a condition of probation. Restitution is to be in the full amount of the victim's loss. 18 U.S.C. §§ 3664(f)(1)(A). Full restitution is, precisely what the district court ordered,[3] but Holcombe contends the relevant statute contemplates in-kind payments in the form of returned property.[4] 18 U.S.C. §§ 3664(f)(3)(A),(4)(A). That statute details the procedures for the issuance and enforcement of restitution orders generally and includes return of property in a smorgasbord of options. The statute permits, but does not require, property to be returned. But, other statutes are implicated and relevant to our decision.

---

[3] 18 U.S.C. § 3663A stipulates "[a]n order of restitution . . . shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d).

[4] Holcombe cites 18 U.S.C. § 3663(f)(3). Since 18 U.S.C. § 3663 does not have a subpart (f) we presume she is referring to 18 U.S.C. § 3664(f)(3), which does contain the provisions upon which her argument rests.

In an offense which results in damage or loss of a victim's property, § 3663A(b)[5] requires the property be returned to the owner or someone designated by the owner. With the possible exception of Saks Fifth Avenue, the victims of Holcombe's credit card fraud are financial institutions.[6] We cannot presume, nor is there any suggestion, that the status of "victim" necessarily translates into that of "owner." Nothing indicates these victims claim incidents of ownership or seek to exercise contractual or equitable rights to the confiscated goods.

More important, the same statute provides that if return of the property (to the owner) is impossible, impracticable, or inadequate, the offender must "pay an amount equal to the greater of the value of the property on the date of the . . . loss . . . or the value of the property on the date of sentencing, less the value (as of the date the property is returned) of any part of the property that is returned." 18 U.S.C. § 3663A(b)(1)(B). The district court concluded it would be impracticable to require return of small-value, used consumer goods, obtained from various retailers to victims that are financial institutions. That hardly counts as an abuse of discretion.

Not only is Holcombe's position impractical, it is also inadequate. The

---

[5] 18 U.S.C. § 3663(b) contains identical provisions.

[6] It is unclear whether Saks Fifth Avenue is a victim because its card was fraudulently obtained and used elsewhere or because fraudulently obtained cards were used to purchase merchandise from it. Holcombe makes no attempt to clarify in argument or citation to the record.

point of the statutes is to make victims whole. On these facts, to require victims (or owners) to accept used and possible damaged items they do not want, value or sell them, and account for the proceeds is hardly "restitution to each victim in the full amount of each victim's losses . . . . without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Such administrative burdens are substantial and should rest on miscreants, not victims.

Holcombe asserts the government should be required to sell the property recovered and apply the proceeds towards restitution." She offers neither reason nor authority for that proposition and we disregard such claims. *United States v. Metzger*, 233 F.3d 1226, 1229 (10th Cir. 2000) *(*citing *Phillips v. Calhoun*, 956 F.3d 949, 953 (10th Cir. 1992)). Perhaps she should have petitioned for return of the property under Rule 41(g) of the Federal Rules of Criminal Procedure.

**AFFIRMED**.

**Entered by the Court:**

                                          **Terrence L. O'Brien**
                                          United States Circuit Judge